## Steele, Appellant, v. Armstrong County Mutual Fire Ins. Co.

Argued October 1, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*H. A. Heilman,* with him *Ward McCullough,* of *Heilman & McCullough,* for appellant.—A new trial should have been granted: Gibson v. Campbell, 242 Pa. 551.

*Charles E. Harrington,* with him *John S. Porter,* for appellee.—The charge was erroneous: Kriner v. Dinger, 297 Pa. 576; Reznor Mfg. Co. v. R. R., 233 Pa. 369.

OPINION BY MR. JUSTICE DREW, November 23, 1931:

This is an action in assumpsit to recover the amount of a policy of fire insurance. The verdict was for defendant, and after refusal of a motion for a new trial, plaintiff appealed.

The defendant admitted the issuance of the policy, the destruction by fire of plaintiff's property, and that the loss was equal to the amount of the policy—$3,550. It resisted payment upon three grounds; first, that plaintiff caused the fire to recover the insurance; second, that he perpetrated fraud on the company in obtaining the insurance; and third, that he voided the policy by false swearing in his bill of loss to cheat defendant.

At the trial a witness, called by the defendant, produced in front of the jury a can, a bottle and a piece of

pipe, which he found after the fire in close proximity, at the corner of the barn where the fire is said to have started. The defendant's counsel then stated to the court, in the hearing of the jury, that he proposed to prove these articles constituted a well known incendiary device "with oil in this can and this pipe and a candle in the bottle." He also offered to prove that a test had been made with the articles, a candle and inflammatory substance in the can, and then called his witnesses, a local constable, a detective, a state policeman, and finally the state fire marshall, all for the purpose of convincing the jury that the fire was of an incendiary nature, either set on fire by the plaintiff or caused to be done with his knowledge. The learned court finally sustained an objection to this evidence, for the reasons, as stated by the court in its opinion, "that the defendant could not show that a candle and inflammable material had actually been contained in the articles in this particular case, nor could the defendant call any expert witness who would state that in his opinion these particular articles were well-known incendiary devices, and used for the setting of this particular fire."

The defendant completely failed to show by any competent testimony whatsoever, that the fire was of incendiary origin, or that plaintiff had any knowledge of or connection with the articles described as constituting a well known incendiary device. All of the evidence on this subject, except the testimony of Bert Knoble, was finally stricken from the record. He testified that he found these articles at the corner of the barn next the house and wagon shed, "where the fire was, as seen." A motion was made to strike out this testimony, when given, as wholly immaterial, which motion the court refused. It was by inadvertence that it was later allowed to continue in the record, because the learned judge clearly meant to strike out all the evidence on that subject.

There are nineteen assignments of error but we need concern ourselves with only one, the first, which alleges that the court erred in its charge to the jury as follows:

"There is evidence, in this case, to indicate to your minds, that the plaintiff caused this fire. In other words, that he knew that this fire was incendiary, that is, that the plaintiff knew about it, or caused it to burn. It is argued, and we instruct you, that the evidence offered was not sufficient to warrant you in coming to such a conclusion. Therefore, we now instruct you that that matter or phase of the case is withdrawn from your consideration, and all evidence bearing upon it is withdrawn from your consideration, because the evidence is not sufficient to warrant the court in submitting that question to you."

The learned judge affirmed plaintiff's first point, which reads as follows: "There is no evidence in this case from which you can find that David W. Steele originated or started the fire which destroyed the property insured, either by his own act, design or intention."

Plaintiff contends that irrelevant, immaterial and incompetent testimony, of a highly prejudicial nature, was gotten before the jury, after which it was impossible for him to receive a fair trial, or his case a fair and impartial consideration by the jury. Plaintiff claims that this situation was greatly accentuated by the statement in the oral charge, that "There is evidence, in this case, to indicate to your minds, that the plaintiff caused this fire," and that that statement standing alone is reversible error because it prevented a fair and impartial consideration of the case by the jury.

We are all of one mind that a new trial must be granted for this reason. There was no evidence in the case to indicate that plaintiff caused the fire, and it was an error of the learned judge to so state to the jury. The fact that he later withdrew the matter "because the evidence is not sufficient," and affirmed plaintiff's first point, in our judgment, did not and could not cure the

harm already done. The jury had been informed the learned judge believed there was evidence to indicate that plaintiff caused the fire, and this with what had gone before in the case, when their minds and feelings were worked upon by incompetent testimony of a very prejudicial character, in our view, could easily have influenced the jury to return a verdict for defendant. There is no way to determine how much, if at all, the jury was influenced by this statement of the learned judge, but the doubt must be resolved in favor of plaintiff.

This was a difficult case to try and the learned judge was fair and impartial throughout and only by inadvertance fell into error which in justice to plaintiff requires that a new trial be granted.

In a case of this kind, where prejudice and passion are so easily aroused, juries are not always scrupulous to follow legal evidence. When this case is again tried defendant will not attempt to get before the jury this serious charge without competent testimony to sustain it. A fair trial can then be had and justice will be done.

The first assignment of error is sustained, and the judgment is reversed with a venire facias de novo.