Partridge et al. *v.* Scott Brothers, Inc., Appellant.

Argued November 30, 1931. Before Frazer, C. J., Walling, Simpson, Kephart, Schaffer, Maxey and Drew, JJ.

*Raymond A. White, Jr.,* with him *Maurice W. Sloan,* of *Sloan, White & Sloan,* for appellant.

*William S. Stein* and *Martin G. Stein,* for appellee, were not heard.

PER CURIAM, January 5, 1932:

Plaintiffs sued to recover damages for personal injuries sustained by the minor plaintiff; the verdict and judgment were in their favor; defendant appeals from the order of the court below dismissing its motion for judgment n. o. v.

The minor plaintiff was struck by a truck, the rear wheel passing over his left leg, causing injuries necessitating amputation below the knee. The accident occurred about half-past five o'clock in the afternoon, November 14, 1928, as the boy, then ten years old, was playing with a companion in the street car track in front of his brother's house, where he lived, on Penrose Avenue, at 22d Street in the City of Philadelphia. There is evidence that, although it was dusk, or dark, the street at this point was brightly lighted by a large electric street lamp. There were no paved sidewalks in the neighborhood, pedestrians customarily using the car tracks as a

footway. Between the car tracks located on each side of the road was a paved cartway twenty-five feet wide. Hearing the child scream, his elder brother, Edward, came immediately from the house and found the injured boy lying between the rails of the east (northbound) track. Frederick pointed to a red truck, running north, as the one which struck him. The witness looked in the direction indicated and saw two red trucks three hundred feet distant traveling north on Penrose Avenue, toward Johnston Street. George Read, the driver of an automobile coming from Johnston Street on Penrose Avenue, toward the scene of the accident, testified that two red five-ton Mack trucks almost ran him down at the Johnston Street corner, each having the name "Scott Brothers" painted on the side and that no other truck passed him. The evidence showed defendant's trucks, six in number, of Mack manufacture and painted red, in the course of hauling earth from subway excavations to the Magazine Street dump, had been using Penrose Avenue and Johnston Street when returning from the dump, during the day time, and that trucks leaving the dump in the evening, at the close of the day's work, usually went to the garage by way of Moyamensing Avenue, turning off Penrose Avenue a half square north of the point where the accident happened, instead of traveling by way of Johnston Street. Even though using Moyamensing Avenue instead of Johnston Street, several of defendant's trucks, according to the testimony, certainly passed the place of the accident at or about the time it occurred; four drivers of these trucks called by defendant, however, stated they knew nothing of the accident and had not seen any one in the neighborhood of 22d Street and Penrose Avenue, as they passed that locality between five-thirty and six o'clock, on the afternoon of the day the boy received his injury.

At the trial in the court below, appellant's sole contention was that the accident was not caused by its truck. On this appeal, appellant, in its supplemental

brief, now claims in addition to its contention that the accident was not caused by its truck, that the minor plaintiff was guilty of contributory negligence and consequently neither plaintiff can recover. Appellee objects to appellant's right to raise at this time, the question of contributory negligence on the part of the boy, because not raised in the court below. We need not pass upon that objection further than to say that the record shows the trial judge submitted to the jury, in his instructions, the question of contributory negligence, both on the part of the boy and his father, and instructed them that they must not only be satisfied by the weight of the evidence that a truck belonging to appellant hit the boy, but that it was carelessly and negligently operated, and further that they must consider the question of whether the child or his father was guilty of contributory negligence, "and if the boy himself was careless, there should be no verdict in his favor or in favor of his father." If appellant deemed the instructions on these questions inadequate, it should have so stated at the time and having failed to make objection when opportunity was given to do so, it cannot now complain.

Under all the evidence on defendant's motion for judgment n. o. v., the case was unquestionably for the jury and the verdict, based on ample testimony, indicates that the accident was caused by a negligently operated truck of defendant, in leaving the paved cartway without warning and passing to the street car track upon which the boys were playing, and that neither the father nor the boy was guilty of contributory negligence.

Defendant complains of the portion of the trial judge's charge which states the court's doubt as to the credibility of one of defendant's witnesses. In expressing this distrust, however, the judge emphatically told the jury it was for them to decide whether this witness's testimony was to be credited. A careful examination of the entire record fails to establish any ruling or instruction of which defendant has a right to complain.

The judgment of the court below is affirmed.