## Scott's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the following extract from the adjudication of

HENDERSON, J., auditing judge.—The trust in this estate arose under the will of Mary W. Scott, who died on October 21, 1890, whereby, inter alia, she provided as follows:

"All the rest residue and remainder of my Estate wheresoever and what so ever real and personal I give and bequeath to James J. Porter of Pittsburgh Pa. and Israel H. Johnson Jr. Machinest of the City of Philadelphia, In Trust to keep my Personal Estate invested in good interest paying securities, and real estate in tenantable repair to pay all taxes & other proper charges. All the net income from any Estate I direct them and the survivor to pay quarterly or half yearly to my four children George F. Scott, Charles R. Scott, Mary Claudine Gilman and Emma W. Scott in equal parts during all their, his or her natural life. Should either of my children die without leaving a child or children then living, the income to be paid to my surviving child or children, if my child deceased leave issue then living, I appoint James J. Porter and Israel H. Johnson Jr. Trustees for my Grand Children after the death of their mother or father, my child, if needful from each Grand childs share of income to pay for its support; when twenty one years old each Grand child provided my child its parent is dead, shall receive her or his share of the Principal of my Residuary and reversionary Estate."

Mary Claudine Gilman died on January 25, 1901, leaving two children, Claudine S. Gilman (now Eberlin) and Julia F. Gilman (now Ashley). By adjudi-

cation filed May 3, 1905, said children having then attained their majority, one fourth of the trust estate was awarded to them, less a counsel fee of $200. . . .

Charles R. Scott, testatrix's son, died on March 7, 1907, and by adjudication filed June 6, 1907, he having died without issue, a finding was made that his share of income was payable to the two surviving children of the testatrix, and that the grandchildren, the children of Mrs. Gilman, were excluded from said income.

George F. Scott, the third child of the testatrix, died on April 6, 1912, without issue, and by an adjudication filed May 17, 1912, following the construction made in the prior adjudication, the entire income of the trust estate was declared payable to testatrix's surviving daughter Emma S. Stitt.

Emma S. Stitt died on June 19, 1933, and the trust has terminated. She left three children, Edward W. Stitt, Mary R. Stitt Hudgins and Emma S. Stitt Fleming, all of full age.

The children of Mrs. Stitt are entitled to their mother's original share of the estate, being one third of the fund now accounted for.

As to the two thirds which accrued because of the deaths of Charles R. Scott and George F. Scott without issue, the parties have agreed that it is to be divided in two parts between the children of Mrs. Gilman and Mrs. Stitt. See Willcox's Estate, 20 Dist R. 300, Waln's Estate (No. 2), 25 Dist R. 607, and Tyson's Estate, 14 D. & C. 482.

It is contended, however, by counsel for the children of Mrs. Stitt that for purposes of distribution there should be added to the estate the $14,589.04 received by the children of Mrs. Gilman in 1905, so that the total distributive share of the latter shall not exceed one half of the original whole of the estate. This contention is made because a reappraisement of the assets now held in the trust will probably show a depreciation in the values at which they are carried in the account.

I am of the opinion that this may not be done, as it would in effect be a review of the adjudication of May 3, 1905, which made an absolute award to the Gilman children. No proceedings could be taken to compel an actual restitution of the amount received by them, and it cannot be accomplished by the indirect method of bringing the amount then awarded into the present distribution.

I find that the children of Mrs. Gilman are entitled to their full share of the fund now accounted for.

*Francis E. Brewster*, for exceptants; *A. Evans Kephart*, contra.

SINKLER, J., December 29, 1933.—Upon the death in 1901 of Mary, the first to die of testatrix's four children, one fourth of the estate as then valued was distributed to the two children of Mary. The present accounting is upon the death in 1933 of the last to die of testatrix's four children, two having died without issue in the interval. At the audit, it was contended that the auditing judge in calculating the awards to be presently made should include the amount distributed to Mary's two children upon her death. This he refused to do on the ground that it would in effect be a review of the earlier adjudication. In the absence of fraud, the time within which such a review might be had has elapsed: Stetson's Estate, 306 Pa. 62. The exceptions before us relate to this refusal of the auditing judge. The argument of exceptant contains no authorities in support of his contention, which is contrary to the long-established practice of this court.

The exceptions are dismissed and the adjudication is confirmed absolutely.