## Needleman, Admr., v. Lloyd et al.

*A. T. Needleman* and *M. J. Meyers*, for plaintiff.
*J. G. Feldman*, for defendant.

KUN, J., January 4, 1946.—This case was tried before President Judge McDevitt and a jury, which rendered a verdict for defendant. Plaintiff has moved for a new trial. Plaintiff's decedent was killed when she was run over by defendant's truck, at Fifty-eighth Street and Woodland Avenue. Plaintiff's evidence consisted of the testimony of a trolley car motorman, who stated that the truck passed his Eastbound trolley car on Woodland Avenue when he was 30 to 35 feet from the Fifty-eighth Street crossing; that decedent was crossing from the North to the South side of Woodland Avenue, following others who were 10 or 12 feet in front of her; that when he first saw decedent she was running; that decedent, in attempting to stop, slipped

and fell under the wheels of the truck which passed over her; that there was nothing between the truck and decedent from the time that the truck passed the trolley; that the truck was traveling 20 to 25 miles per hour and did not slow down. The truck operator's statement, put in evidence, was that he first saw decedent 15 or 20 feet away from him; that he was going 20 to 25 miles per hour; that he was watching the light, which turned green when he was 25 or 30 feet from Fifty-eighth Street, driving in the South cartway of Woodland Avenue; that the trolley car was about 50 feet back of him. He stated that decedent was running at the time he first saw her.

The trial judge fully and adequately charged the jury on questions of contributory negligence, and negligence involved in the case, to which no specific objections were made. There was no request for additional instructions. Only a general exception was taken by defendant. When the jury returned to render its verdict, the foreman made the informal announcement, "We find that they were both negligent". The trial judge stated that he would enter a verdict for defendant thereon. Counsel for plaintiff then asked that the jury be polled; whereupon, the trial judge asked the first juror how he felt. The first juror said that he felt that both parties were at fault. The trial judge then directed the jury to retire again and to find a verdict in favor of plaintiff or defendant, stating that if they found both parties were at fault the verdict would be for defendant. One of the jurors requested the trial judge to give further instructions as to contributory negligence; whereupon the trial judge stated again that if there were contributory negligence the verdict must be for defendant. No exception was taken by plaintiff nor was any request for further instructions made. Plaintiff's counsel moved for the withdrawal of a juror, which was refused. The jury returned a verdict for defendant.

The trial judge's action in sending the jury back for the purpose of agreeing upon and returning a verdict in proper form was entirely proper. See Eastley v. Glenn, 313 Pa. 130.

There was not the slightest basis for the withdrawal of a juror in this case when the foreman, to all intents and purposes, had already announced the finding and they were merely sent back to consider the matter further for the purpose of rendering a verdict in proper form.

The most important question raised by plaintiff on the motion for new trial is whether the trial judge's failure to state that there was a presumption of due care on the part of decedent, though not requested to do so, was such a fundamental error as to require a new trial. It is a novel question. While the point raised is an afterthought, yet plaintiff is entitled to the benefit of it if the proposition is sound. That the point raised is an afterthought is clear because at the conclusion of the charge of the court no request for such instruction was made, no specific objection to any other part of the charge was made; only a general exception was taken. Another opportunity was presented to plaintiff's counsel to request such an instruction when the jury was brought in and made its informal announcement that "both parties were negligent", and when further instructions were requested. Yet, plaintiff's counsel made no request for the instruction, the absence of which he now claims was fundamental error, a contention we believe based on a misconception of the nature and purpose of the presumption referred to in this case.

It is indeed true, as pointed out by plaintiff's counsel, that "where instructions omitted are vital to a proper conception by the jury of the fundamental principles of law involved" there is presented a case of what is called "fundamental error", which requires a new trial though no specific exception was taken to the

failure to give the required instruction. The cases cited by plaintiff's counsel in support of the proposition demonstrate the true meaning of the principle. In Finkelstein et ux. v. McClain, 331 Pa. 198, the court failed to instruct the jury that the husband-driver's contributory negligence was not imputable to the wife-plaintiff, who was a mere passenger; obviously a fundamental principle of law in the wife's case. In Marlowe v. Travelers Insurance Co., 313 Pa. 430, the court affirmed a point as a basis for a finding when there was no evidence to support it; an obvious fundamental error. However, a presumption such as the presumption of due care which may be involved in a case such as the one before us can in no sense be regarded as a "fundamental principle of law". Such a presumption is no more than a "procedural expedient" or "an administrative assumption for procedural purposes", made use of and applicable in some cases and not in others.

In Morin v. Kreidt, 310 Pa. 90, the principle was referred to, but what was decided was that the act of the deceased in standing still in the highway could not be declared negligence as a matter of law, but was a question for the jury. In Michener v. Lewis, 314 Pa. 156, the principle was also referred to, but what was decided was that:

"It is not a necessary inference that a person is guilty of contributory negligence when he crosses a street in the path of an oncoming car."

The evidence in that case did not disclose the decedent's contributory negligence as a matter of law; it was a question for the jury. That was precisely what the trial judge did in the case before us—he left the question of contributory negligence to the jury, which decided that both parties were at fault, in so many words, later reducing their finding to the proper formula of a verdict for the defendant.

In Rowles v. Evanuik, 350 Pa. 64, there was no evidence whatever as to the conduct or the movements of the deceased prior to the accident, in which situation the presumption of due care is particularly applicable and is enough to carry the case to the jury unless the contrary clearly appears from the evidence. Such was the case of Heath v. Klosterman, 343 Pa. 501, where, notwithstanding the presumption of due care, the court ruled that the evidence disclosed the deceased was contributorily negligent as a matter of law. This alone demonstrates that the presumption cannot be regarded as a "fundamental principle of law". Indeed, under the case last cited, the trial judge may possibly have declared plaintiff's decedent negligent as a matter of law for it was there said (p. 503) :

"Where a person steps into a position of danger in the street, and is immediately struck by a passing vehicle, which he could have seen had he looked, he is barred from recovery by his own negligence (citing cases)."

The court continued, "Even though Dr. Heath is dead, and ordinarily a presumption might arise that he exercised due care, this presumption is destroyed in the instant case by the testimony adduced by plaintiff", and so it is in the case before us. Plaintiff's case could not go to the jury on the basis of any presumption because there was affirmative evidence produced by plaintiff of the actions and conduct of decedent before the accident. It was on that evidence that the jury had to determine whether or not decedent had been negligent.

As pointed out in Watkins v. Prudential Insurance Co., 315 Pa. 497, a presumption such as this is not evidence and it cannot be weighed as evidence, since it gives way the moment proof to the contrary is presented. In the case before us the trial judge did not rule the question as a matter of law, but left the ques-

tion to the jury, which is the most that plaintiff was entitled to.

A careful study of the cases discloses that in some cases the proofs presented show so conclusively that the deceased must have been negligent, that it is so declared as a matter of law, notwithstanding the so-called presumption. In other cases, where the indication of the contributory negligence of the deceased is not conclusive, the question is left to the determination of the jury, but the ultimate finding as to the contributory negligence cannot be based on the presumption, which is not evidence, where evidence of the conduct and actions of the deceased is present, but must be based on that evidence: Bernstein v. Pennsylvania Railroad, 252 Pa. 581, 586, 587; Sheppard v. Philadelphia, 279 Pa. 333. What was said in the Bernstein case at page 586 is particularly apposite here:

"There was no room in this case for the application of the doctrine that the deceased, having lost his life, must be presumed to have exercised due care; this for the reason that the evidence showed affirmatively all the circumstances of the accident."

In cases where there is no affirmative evidence of the conduct and actions of the deceased, a finding of absence of contributory negligence on his part may be made; excepting in those cases which, as stated, the evidence conclusively proves the deceased must have been negligent, and the courts will so declare.

The case of plaintiff's decedent in this case went to the jury on affirmative evidence presented on her behalf of all her actions, conduct and movements prior to the accident. It was on this evidence and the evidence produced by defendant that the finding of the jury had to be made. Perhaps, as a purely procedural matter, plaintiff would have been entitled to an instruction as to the presumption of due care, had request therefor been made, but it would have been no more than academic, as the trial judge would have been bound to

couple it with the statement that in this case the question of contributory negligence of the deceased would have to be decided on the evidence produced directed to that question and not on the presumption. No doubt it is for this reason that no such request was made by counsel for plaintiff, well qualified in trial of this class of cases.

The best exposition of the true meaning of so-called presumptions is found in the exhaustive opinion on the subject by the present Chief Justice, in Watkins v. Prudential Ins. Co., supra, and it would be well for lawyers before discussing this question to carefully read that opinion. In so doing, they would avoid the "welter of confusion, loose language and discordant decisions" (quoted by the Chief Justice) found in many of the cases on the subject. That opinion makes crystal clear that a presumption similar to the one we have here under consideration (in that case against suicide —here due care of one killed in an accident) cannot be taken as itself evidence of the fact, much less conclusive evidence. It is not evidence at all; it is merely a procedural expedient permissible in circumstances for trial purposes "when there is no affirmative evidence" of the actual conduct of the deceased. As soon, however, as some evidence appears from which a finding of the deceased's conduct can be made, the so-called presumption drops out of the case. Where affirmative evidence of the action of the deceased is produced, the finding as to his contributory negligence must be based on that evidence, uninfluenced by the so-called presumption: Grutski v. Kline, 352 Pa. 401.

On the record in this case, it cannot be held that the trial judge's failure to refer to the presumption of due care on the part of the deceased, in the absence of a specific request, was a "fundamental error" because of the failure of a statement of a "fundamental principle of law" vital to a proper conception by the jury of the questions which were involved in the case. The ques-

tions of law raised by the *evidence* in the case and applicable thereto were adequately presented to the jury and evidently well understood by them, as indicated by their preliminary informal statement that "both parties were negligent", thereafter rendered in due form as "verdict for the defendant".

Motion for new trial refused.