**Terry DAWSON and Joe Keith Dawson, Appellants,**

v.

**CITY OF LOS ANGELES, STATE OF CALIFORNIA and William H. Parker, Chief of Police, Appellees.**

**No. 19571.**

United States Court of Appeals
Ninth Circuit.

March 17, 1965.

Morris Lavine, Los Angeles, Cal., for appellants.

Philip E. Grey, Asst. City Atty., Wm. E. Doran, Deputy City Atty., and Roger Arnebergh, City Atty., Los Angeles, Cal., for appellees.

Before BARNES, JERTBERG and ELY, Circuit Judges.

PER CURIAM.

Appellants are State prisoners who appeal from the denial of their respective petitions for habeas corpus by the district court below.

Appellant Terry Dawson was charged with (a) driving under the influence of intoxicating liquor (Veh.Code § 23102); (b) interference with a police officer (Penal Code § 148); (c) malicious mischief in damaging city property (Penal Code § 514); and (d) driving with a revoked or suspended driver's license (Veh. Code § 14601). He was convicted on all four charges.

Appellant Joe Dawson was charged with two violations of Penal Code § 242

(battery on police officers); and (a) with disturbing the peace (Penal Code § 415); and (b) drunk in a public place (Los Angeles Municipal Code § 4127(a)). The last charge was dismissed. He was convicted on all counts.

Appellants alleged below, and they allege here, (1) that they were denied the right to counsel; (2) that they were denied the right to blood tests to disprove their intoxication, and hence denied due process; (3) that there was a wilful suppression of evidence.

■ Nowhere, either in their opening or their closing brief, do appellants point out what evidence was allegedly suppressed. No appearance on their behalf was made at the time of oral argument. The point is apparently abandoned. If not, there is no substance to support it in the record.

■ Appellants were not denied their right to counsel. The record at their original trial is devoid of any evidence that either of them ever requested to see an attorney on the night they were arrested. Nor was such point raised on the appeal of the original action.

Recent Supreme Court cases, such as Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1962); Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), are all cited. They all represent good law, but are not applicable to the facts of this case.

On the hearing below, Terry Dawson alleged he had asked for an attorney at Hollenbeck Station, and was promised he could have one at Central Booking Station, by at least two officers, on the night he was arrested. He also alleged he asked for a blood test to disprove intoxication, but was denied one.

On the night of his arrest he was taken to the Central Receiving Hospital *before* he was booked. Admittedly, he did not ask for a blood test there. He denied he was intoxicated at the time of his arrest, but he pleaded guilty to driving under the influence of alcohol in the original case. This plea was changed, and he was convicted by a jury.

Terry's brother, Joe, claimed he was denied an attorney and denied a blood test to disprove intoxication. He also denied he had attacked and kicked police officers, but admitted he had pleaded guilty to such charges. He changed his plea, and was convicted by a jury. Nor did Joe testify at his original trial he had asked for an attorney or for a blood test to disprove intoxication.

At the hearing below the appellees introduced as Exhibit A (in two volumes and 495 pages) the transcript of all testimony in the combined proceedings— proceedings resulting in jury verdicts of guilty on all counts in the Los Angeles Municipal Court, and the appeal to the Appellate Department of the Superior Court of the State of California, in and for the County of Los Angeles.

Appellants had originally pleaded not guilty, changed their plea to guilty, changed it again to not guilty, had their jury trial, were convicted on all counts (one was dismissed as to Terry Dawson); had made their motion for new trial which had been denied; had appealed; had defaulted on their appeal, which appeal had been reinstated. Their appeal was denied. During all proceedings each defendant was represented by counsel of his own choice.

In the statement of facts prepared by counsel for appellants for the appeal in the State courts (Tr. pp. 32, 33 and 34), no mention was made of the points now urged on behalf of appellants. The transcript of the evidence produced at the State trial completely contradicts the points now raised by appellants.

■ Apparently the sole remaining position now urged by appellants is that "[T]he return of a transcript of a State court trial did not constitute evidence at the evidentiary hearings of the petition for the writ of habeas corpus." Townsend v. Sain, 372 U.S. 293, 319, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962), is directly to the contrary and disposes of such

claim. The district court is required to carefully scrutinize the State court record to determine if the State court's factual determination is fairly supported by the record, or have its own hearing.

"* * * the state-court record is competent evidence, and either party may choose to rely solely upon the evidence contained in that record * * *." Townsend v. Sain, supra at 322, 83 S.Ct. at 762.

Thus the testimony of appellants does not stand uncontradicted, as appellants urge.

The order denying the writ of habeas corpus is affirmed. The appellants are ordered forthwith into custody, and their bail revoked. Let the mandate issue forthwith.