Commonwealth *v.* Kulik, Appellant.

Argued November 16, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

112

W. *Hamlin Neely,* for appellant.

*William J. Carlin,* District Attorney, for appellee.

OPINION BY MR. JUSTICE COHEN, January 17, 1966:

J. Tyler Kulik was convicted of abortion. A motion for a new trial was denied and sentence was imposed. Thereafter an appeal was taken to the Superior Court. Following argument on the appeal before that court, petitions were filed wherein the appellant sought to raise in his appeal the additional question that the trial judge committed basic and fundamental error in a portion of his charge to the jury. The Superior Court allowed the filing of supplemental briefs on this point.

It appears that the original record as filed with the Superior Court shows in its typewritten portion that the trial court directed the jury as follows: "On the other hand, if you do have such reasonable doubt, it is equally your duty to render a verdict of guilty." It further appears that the trial judge in his own handwriting inserted the word "not" between the words "do" and "have" in that portion of his charge. The insertion by the trial judge was made sometime follow-

ing the lodging of the official stenographer's transcript of testimony.

This case presents the question of what action this Court should take when a trial judge alters the official stenographer's transcript of testimony without following the procedures provided for in the Act of May 11, 1911, P. L. 279, §4, 12 P.S. §1199. We have concluded that for the proper administration of the judicial system in this Commonwealth a trial judge must strictly adhere to the procedural requirements of the Act and that, therefore, a new trial must be granted to the appellant.

We feel confident that the trial judge's correction of the record was done in order to make the record consistent with the language he used in directing the jury. We are satisfied that the trial judge acted in complete good faith and with a desire to have the record correctly reflect the proceedings in the trial. This, however, goes only to the question of whether any harm was done to the appellant. We feel that regardless of whether appellant was prejudiced or not, the sanctity of the official stenographer's transcript of testimony is of such significance that we cannot allow even a nonprejudicial change of that transcript without following the procedure established by the Legislature. It is incumbent on this Court to establish and maintain the most stringent standards in this area.

Since the Act of May 11, 1911 sets forth the procedure that must be followed in order to correct the official stenographer's transcribed notes of testimony, after they have been lodged with the prothonotary or clerk, so as to make them comport with the occurrences at the trial, only by rigid adherence to those procedures can we be assured that the record is prima facie correct when submitted to us or any other court for review upon appeal.

Order of the Superior Court and judgment of sentence of the lower court reversed and new trial granted.

----

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent from the majority's disposition. In my view, the result there reached involves this Court in a course of action that is not only unprecedented, but unnecessary and unwise as well. The net effect of the majority's decision is to void a concededly fair trial in order to secure "rigid adherence" to a procedural act not applicable in the present context, without a scintilla of evidence that such a prophylaxis is indicated or desirable. Thus, the majority's disposition creates a new basis upon which a retrial in a criminal case may be predicated, a basis unrelated to trial error, constitutional deprivation, prejudice to the defendant, or any traditional concept of reversible error. Moreover, the majority fails to cite a single authority, in this or any other jurisdiction, in support of this novel departure.

The Act which the majority purports to implement by the instant decision provides: "When the evidence in any case is transcribed, it shall be the duty of the official stenographer to lodge the same with the prothonotary or clerk of the court, and notify the parties interested or their counsel that the same will be duly certified and filed, so as to become part of the record, if no objections be made thereto within fifteen days after such notice. If objections be made, the matter shall be heard by the court, and such order made regarding the same as shall be necessary in order to comport with the occurrences at the trial. If no objections be made, or when, after objection, the transcript shall have been so made to comport with the occurrences at the trial, said transcript shall be duly certified by the official stenographer and by the trial judge, shall be filed of record in the case, and shall

be treated as official and part of said record for the purposes of review upon appeal, and *shall be considered as prima facie accurate whenever thereafter offered in evidence in the same or any other proceeding, without the necessity of calling the stenographer as a witness to prove the same.*" Act of May 11, 1911, P. L. 279, §4, 12 P.S. §1199. (Emphasis supplied.) As the language of the Act indicates, if properly employed, it serves the evident purpose of relieving litigants of the necessity of proving what transpired at trial in the event of appeal. See *Commonwealth v. Stern,* 58 Pa. Superior Ct. 591, 598 (1915). Thus, when duly certified in accordance with the provisions of the Act, the transcript of trial is accorded the benefit of a prima facie presumption of accuracy and the parties need not call the official stenographer to prove the record for review. See ibid.

However, even compliance with the Act does not, as the majority implies, make a duly certified transcript binding on the parties.[1] Since the Act merely provides that the transcript "shall be considered prima facie accurate," it may still be proven inaccurate although the burden of so persuading the court would naturally fall on the one seeking to overcome the presumption.

In the instant case, the statutory procedure for the correction of the trial transcript was admittedly not followed. Accordingly, the certification made by the court below could not serve to shroud the record with a prima facie presumption of accuracy. But on this

---

[1] It should be noted that the issue presently before the Court is different from that presented when the procedure prescribed by the Act of May 11, 1911, P. L. 279, §4, 12 P.S. §1199, is observed but no objections filed in accordance therewith. I presently offer no view as to the conclusiveness of the certified transcript under those circumstances. See *Penn Jewelers v. Traders Bank & Trust Co.,* 32 Luz. L. Reg. Rep. 201 (1938).

appeal, that fact is of no more than academic concern. If the challenge here made to the accuracy of the record raised an issue of legal significance, we would be confronted with an entirely different problem and one which might well require a remand to the court below.

However, in the instant case, no such issue is presented. For even were the parties in agreement that the challenged correction was indeed omitted by the trial judge in his instructions to the jury, a new trial would not be justified. What the majority has ignored is that the appellant does not dispute the fact revealed in the record that no specific objection was interposed as to that portion of the charge presently challenged.[2] Thus, the immediate question is whether, assuming arguendo that the charge was erroneous as alleged, such error may be assigned as a ground for reversal on appeal.

As a broad general rule, a court on appeal will not review assignments of error relating to the charge of the trial court to which no objection was made. See, e.g., *James v. Ferguson,* 401 Pa. 92, 162 A. 2d 690 (1960); *Partridge v. Scott Bros.,* 306 Pa. 60, 158 Atl. 790 (1932); *Acquaviva v. Hartman,* 203 Pa. Superior Ct. 505, 201 A. 2d 239 (1964); *Robinson v. Brown,* 195 Pa. Superior Ct. 384, 171 A. 2d 865 (1961). Thus, this Court has previously stated that the failure of counsel to manifest any disagreement with the instructions given by the trial court usually precludes him from contending that the charge was erroneous. *James v. Ferguson,* 401 Pa. 92, 97, 162 A. 2d 690, 693 (1960); *Luterman v. Philadelphia,* 396 Pa. 301, 152 A. 2d 464 (1959).

---

[2] The record fails to support appellant's allegation that even a general exception was taken to the trial court's charge. However, assuming that such an exception was taken, under the view I take, the result remains the same.

However, it has been suggested that the failure to interpose a specific objection will not preclude review of errors which are basic and fundamental. See *James v. Ferguson*, 401 Pa. 92, 162 A. 2d 690 (1960); *Luterman v. Philadelphia*, 396 Pa. 301, 152 A. 2d 464 (1959); *Commonwealth v. O'Brien*, 312 Pa. 543, 168 Atl. 244 (1933); *Acquaviva v. Hartman*, 203 Pa. Superior Ct. 505, 201 A. 2d 239 (1964). This is so even in the absence of a general exception. *Marlowe v. Travelers Ins. Co.*, 313 Pa. 430, 169 Atl. 100 (1933); *Acquaviva v. Hartman*, 203 Pa. Superior Ct. 505, 201 A. 2d 239 (1964); see *James v. Ferguson*, 401 Pa. 92, 162 A. 2d 690 (1960); *Luterman v. Philadelphia*, 396 Pa. 301, 152 A. 2d 464 (1959). But in such case, the determination of fundamental or basic error must be made on the basis of the charge taken in its entirety. *James v. Ferguson*, 401 Pa. 92, 162 A. 2d 690 (1960). "It is fundamental that, where no specific instruction is prayed for, the court is responsible only for the general effect of the charge, considered as a whole." *James v. Ferguson*, 401 Pa. 92, 97, 162 A. 2d 690, 693 (1960).

In the instant case, assuming arguendo that the challenged correction of the trial transcript was not included in the charge as actually delivered, there still would not be such basic or fundamental error as would justify the grant of a new trial. The charge, when examined *in its entirety* reveals that *on three separate occasions the jury was instructed in the clearest and plainest terms that appellant was to be acquitted if it entertained any reasonable doubt as to his guilt.* The net effect of the charge as a whole could not have misled the jurors. Thus, in the absence of a specific objection to that part of the record presently challenged, appellant is not entitled to relief on the basis of his alleged error in the instructions given by the trial court. See *James v. Ferguson*, 401 Pa. 92, 162 A. 2d 690 (1960).

118

Accordingly, since appellant is precluded from predicating a claim to relief on the basis of the trial court's instructions to the jury, the challenged inaccuracy in the record is merely an academic question in the present context. The majority's action, therefore, grants a new trial to a defendant fairly tried and convicted. It does so despite the failure of the defendant to object at trial to that portion of the judge's charge here at issue,[3] to raise and argue the matter before the court en banc, or to assign it as error to the Superior Court. A new trial under such circumstances is unwarranted and undeserved.

There is no present need to belabor the virtues of the contemporaneous objection rule. It is sufficient to note that by apprising the trial judge of the alleged error immediately, prompt measures may frequently be taken to correct such error and thus obviate the need for costly and time-consuming retrials. See *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 312-13, 207 A. 2d 810, 812-13 (1965); cf. *Henry v. Mississippi,* 379 U.S. 443, 447-48, 85 S. Ct. 564, 567 (1965). As we have previously noted, "to permit a litigant to knowingly disregard the procedural requirement of timely objection would . . . disrupt the orderly and expeditious adjudication of penal accusations and would defeat . . . [a] legitimate state interest." *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 313, 207 A. 2d 810, 813 (1965); see *Henry v. Mississippi,* 379 U.S. 443, 447-48, 85 S. Ct. 564, 567 (1965).

By the grant of a retrial in the instant appeal, the majority departs from our traditional insistence on

---

[3] Following his charge to the jury, the trial judge specifically asked if counsel desired to have any additions or corrections made. Defense counsel requested that the judge make some minor changes as to portions of the charge not here involved, and took an exception to another presently unrelated portion of the charge. However, no exception was taken, or request for change made, regarding the portion of the charge to which defense counsel now objects.

timely objection and disserves the state interest which we have sought to protect thereby. It does so in reliance on a statute which was designed to meet a procedural problem not here presented. Thus, the majority needlessly interferes with the finality of a criminal prosecution and grants a new trial in the absence of reversible error.

Moreover, the attempt to justify this extraordinary result as serving a prophylactic purpose does not withstand analysis. In those instances in which the proper procedure for correction of the transcript before certification is not followed, the Commonwealth will be deprived of the benefit of the prima facie presumption of the accuracy of the transcript on appeal. And, where the asserted irregularity is legally relevant it will be put to the task of proving what transpired at trial. Thus, the Act of 1911 contains its own built in prophylactic provision. Surely the Commonwealth will seek compliance with the Act in order to avoid this burden. Such circumstances are sufficiently calculated to ensure compliance with the Act as to obviate the necessity to resort to the drastic sanction here imposed.

Finally, it is worth noting that we deal here only with allegations with respect to the content of the challenged charge. Neither party has as yet been given the opportunity to establish whether the charge as given embodied the correction made to the trial transcript by the court below. Thus, even were appellant's allegations, if true, to constitute basic and fundamental error justifying the grant of a new trial, the only reasonable recourse presently open to this Court would be to remand for a determination of the accuracy of the transcript and its certification in accordance with the provisions of the Act of 1911.[4] The Commonwealth would

---

[4] This is particularly so in light of the majority's observation that "[w]e feel confident that the trial judge's correction of the

thereby be afforded an opportunity, as envisioned by the Act, to establish that the transcript as corrected embodied the charge actually delivered. To deny this opportunity, as the majority does today, is to grant a new trial on the basis of a mere allegation.

I find no basis in law, fairness, logic, or policy for disturbing either the verdict of the jury or the unanimous decision of the Superior Court.

Accordingly, I would affirm.

---

record was done in order to make the record consistent with the language he used in directing the jury. We are satisfied that the trial judge acted in complete good faith and with a desire to have the record correctly reflect the proceedings in the trial."