**UNITED STATES of America ex rel.
Oscar McIntyre GORDON**

**v.**

**David N. MYERS, Superintendent State
Correctional Institution at Grater-
ford, Pennsylvania.**

**Misc. No. 3069.**

United States District Court
E. D. Pennsylvania.

July 7, 1966.

Joseph Hakun, Philadelphia, Pa., for relator.

Arthur Piccone, Asst. Dist. Atty., Wilkes-Barre, Pa., for Commonwealth of Pa.

## OPINION

KRAFT, District Judge.

The petitioner, a state prisoner, entered a guilty plea on November 18, 1958, in Luzerne County, Pennsylvania, to

charges of larceny and burglary and was sentenced to a term of imprisonment of five to ten years. He attacks the constitutionality of the judgment and sentence of the state court on the ground that he was not represented by counsel at the time he entered his guilty plea.

■ The real question here is not whether the relator intelligently waived counsel and pleaded guilty, but, whether he was, *in fact, represented by counsel.* On this objective factual issue the relator has the burden of establishing the validity of his claim. United States ex rel. Smith v. Myers, 250 F.Supp. 460, 462 (E. D.Pa.1966). We conclude, after affording the relator an evidentiary hearing, that he has failed to carry his burden.

In support of his contention, the relator offered his own assertion that he was without counsel and a letter dated November 21, 1963, from an attorney (Rel. Ex. 2) Nicholas R. Degillio, who disclaimed any representation of Mr. Gordon.[1] Mr. Degillio, relying therein on his memory some five years after the trial, recalled that he only represented Henry Sincavage, a co-defendant, who was tried jointly with the relator.

The state court denied the relator's petition for habeas corpus without hearing, relying exclusively on the Court record of the relator's criminal trial for its finding that relator was represented by Mr. Degillio at his trial.

■■ As is our duty under Townsend v. Sain, 372 U.S. 293, 312–322, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), we have carefully scrutinized the state court trial record, which unmistakably discloses that the relator was, in fact, represented by counsel when he pleaded guilty and was sentenced.

■ Such a state court record is competent evidence, which may be relied upon by either party. Dawson v. City of Los Angeles, State of California, 342 F. 2d 986, 988 (9 Cir. 1965); 28 U.S.C.A. §§ 2245, 2247.

■ While it cannot be disputed that a state prisoner in a federal habeas corpus proceeding is entitled to impeach flat recitals of record[2], Near v. Cunningham, 313 F.2d 929, 931 (4 Cir. 1963), he cannot, under the guise of impeachment, rewrite the record. Particularly is this true where a state enacts legislation to preserve " * * * the sanctity of the official stenographer's transcript of testimony * * *." Com. v. Kulik, 420 Pa. 111, 112, 113, 216 A.2d 73, 74 (1966) 12 P.S. § 1199.

It became readily apparent to this Court that the relator during the hearing before us, was obviously fencing with the truth when he impugned the accuracy of the transcript wherever it reflected unfavorably on his claim.[3] (See pp. 35–43 of Habeas Corpus hearing transcript). We find the pertinent testimony of the relator and his former co-defendant, Sincavage, motivated by relator's self-interest and unworthy of belief.

Mr. Degillio's testimony can best be described as a product of vague and faulty recollection. "And questions of credibility, of course, are basic to resolution of conflicts in testimony." Townsend v. Sain, supra, 372 Pa. p. 322, 83 S. Ct. p. 762.

We do not reach the question, raised for the first time in counsel's brief, filed

---

1. In conjunction with this matter, Mr. Degillio's deposition was taken in Luzerne County on April 1, 1966 pursuant to an Order of this Court and made a part of the record in this case.

2. As in this case where the trial transcript reads at p. 1: "Now, 2:10 p. m., Court resumed in Court Room No. 2, Judge Flannery presiding. *Defendants present in person and represented by counsel.*" (Emphasis ours.)

3. The habeas corpus hearing transcript at p. 43 reads as follows:
   "By Mr. Piccone:
   "Q. Mr. Gordon, in other words, wherever the record as found in Respondents' Exhibit No. 1 indicates that Mr. Degillio made statements about his representation of you, you are now saying that that record is incorrect; is that correct?
   "A. That's right."
   "Mr. Piccone: No further questions, Your Honor."

after the hearing, whether or not any conflict of interest existed because of Mr. Degillio's representation of both defendants. This issue must be presented initially to the state courts for consideration.

The Court expresses its gratitude to Joseph Hakun, Esq. for his excellent and unselfish advocacy on behalf of the relator undertaken at our request.

### ORDER

Now, this 7th day of July, 1966, it is ordered that the petition of Oscar McIntyre Gordon for a writ of habeas corpus be, and it is, denied.