## UNITED STATES *v.* JOHN TYLER.    1812.

.THIS case having been submitted without argument—

LIVINGSTON, *J.* delivered the opinion of the Court as follows: .

The Defendant was indicted under the act to enforce the embargo laws passed the 9th January, 1809, for loading on carriages, within the district of Vermont, nineteen barrels of *pearl-ashes*, with intent to transport the same without the United States : to wit, into the province of Canada.

On a plea of not guilty, the jury returned the following written verdict, which was recorded.

" The jury find that the said John Tyler is guilty of
" the charge alleged against him in said indictment,
" and that the said *pot-ashes* were worth two hundred
" and eighty dollars."

The Defendant moved in arrest of judgment, because the verdict was not sufficiently certain as to the value of the property charged in the indictment, the same having found the value of *pot-ashes*, whereas the Defendant was indicted for the intention of exporting *pearl-ashes.*

Upon this motion, the judges being opposed in opinion, the same has been certified unto this Court for its direction in the premises.

The law which creates this offence provides that the party shall, upon conviction, be adjudged guilty of a high misdemeanor, and finded a sum by the Court before which the conviction is had, equal to four times the value of the property so intended to be exported. The Court, then, is of opinion that, under this law, no valuation by the jury was necessary to enable the Circuit Court to impose the proper fine; and, therefore.

Upon an indictment for putting goods on board a carriage, with intent to transport them out of the United States contrary to the act of Jan. 9, 1809, the punishment of which offence is a fine of four times the value of the goods, it is not necessary that the jury should find th value of th goods.

U. STATES  that that part of the verdict which is objected to, is re-
*v.*  garded as surplusage, and cannot deprive the United
TYLER.  States of the judgment to which they became entitled
————  by the Defendant's conviction of the offence laid in the
indictment.

It must, accordingly, be certified to the Court below,
that it proceed to render judgment for the United
States, on the verdict aforesaid.