.[Cohn et al. *v.* Scheuer et al.]

## Cohn et al. *versus* Scheuer et al.

The general power of the court, to amend a verdict so as to make it conform to the verdict actually rendered, is inherent in the court, and where the rights of third parties have not intervened, it is not limited as to time. It rests in the sound discretion of the court, and whether made from the facts as they appear on the record, or upon other evidence, it is not the subject of an appeal, or a writ of error.

January 11th, 1887. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN and CLARK, JJ., absent.

ERROR to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of July Term, 1886, No. 66.

Replevin of certain goods and chattels by Herman Scheuer and Isaac Scheuer, trading as Scheuer & Brother, against Philip J. Cohn and Adolph Hyman, assignee of Philip J. Cohn. Pleas, *non cepit* and property.

The following is the record of the case as it appeared in the court below:

[Cohn et al. *v.* Scheuer et al.)

Replevin value $461.  Exit June 6th, 1884.  Ret. 1 Mon. July 1884.

Replevied as commanded, summoned Philip J. Cohn and Adolph Hyman, property bond entered, property as replevied delivered to deft.

1886

| | |
|---|---|
| February 18 | Jury called. |
| · eo die | Verdict for plaintiffs. |
| 23 | Motion for a rule for a new trial. |
| ' eo die | Reasons filed. |
| March 5 | Motion dismissed. |
| 9 | Jury fee paid. |
| March 9 | Judgment. |
| 11 | Rule to show cause why a writ of inquiry of damages should not be awarded. |
| 30 | Rule to show cause why the verdict entered in the above case should not be amended so as to make the entry of the verdict conform to actual return of the jury. |
| eo die | Leave is given to withdraw from the record the pending rule for the allowance of a writ of inquiry to assess the damages in said case. |
| April 24 | Deposition filed. |
| eo die | Rule of Mar 30, 1886, absolute so as to make the verdict read " Verdict for plaintiffs for " $461.00. |

And judgment thereon.

The defendants thereupon took this writ assigning for error the action of the court in making said amendment.

*Richard B. White* (*George H. Earle,* Jr., with him), for plaintiffs in error.—We do not, for a moment, wish for any curtailment of the acknowledged power of the court below to amend and reform its records, when there is anything upon the record by which such correction can be safely made ; and when "it has led no one into surprise that induced him to slip his time for the exercise of a right."

In all the cases, where verdicts have been amended you have always restricted such amendments to cases where the record itself contained that which showed the error and provided the guide for its rectification : Springer *v.* Wood, 6 Atlantic Reporter, 330 ; Dyott *v.* Commonwealth, 5 Wh., 80 ; Cruleber *v.* Commonwealth, 6 Id., 347 ; State Road Case, Id., 352 ; Mans *v.* Mans, 5 Watts, 319 ; Sweeney *v.* Delaney, 1 Barr, 322 ; Kendig's Appeal, 1 Norris, 68 ; Ramey *v.* Commonwealth, 10 W., 348 ; Benner *v.* Fry, 1 Binn.

The simple question then is, whether a new practice is to be established, by which a record can be destroyed by any kind of parol testimony accessible; whether recollections are to be preferred to records, and finally whether parties are to be allured from their right of appeal by small verdicts, or none at all, and then, when it is too late, have large judgments entered against them, that they cannot appeal from, on testimony that a jury is not allowed to pass upon?

*Emanuel Furth,* (*Jacob Singer* with him), for defendants in error.—Fortunately in this case, no rights have been waived, and the only surprise manifested by plaintiffs in error was, that they were unable to wrest from the defendants in error the fruits of a victory which their own fraud conspired so strongly to give them. Every proposition of law stated in the argument of the plaintiffs in error might be safely admitted by the defendants in error, and only result in strengthening the latter's position.

"Amendments which tend only to advance the interests of justice are not only proper but necessary, and should always be allowed;" and in the case from which the foregoing statement of the law has been extracted, a judgment had been entered in a greater sum than the damages laid in the declaration. The Supreme Court, in passing upon this technical error, have said: "The plaintiff had the right to amend in the court below, and this being the case, we will permit it to be done here. . . . . . Where the justice of the case demands it, we might, perhaps, decline to permit it after the party had slipped his opportunity, but the legislature has led the way to the making of amendments of the most vital character. . . . . . It becomes us to keep pace with legislative reform instead of lagging in its rear:" Trego *v.* Lewis, 8 P. F. S., 469. To the same effect are the cases of Roop *v.* Id., 11 Casey, 59, and Wample *v.* Shissler, 1 W. & S., 370.

A verdict, after being recorded, may be amended by the court so as to make it conform to that actually rendered by the jury: Evans' Appeal, 9 Casey, 237. The court has a right to mould the verdict according to law: Byrne *v.* Grossman, 15 P. F. S., 311; Finnegan *v.* Cahill, 40 Leg. Int., 5; Haycock *v.* Greup, 7 P. F. S., 442.

Amendments of the record may be made after judgment taken and execution issued thereon: Schwarz *v.* Mauer, 2 W. N. C., 445. In Burroughs *v.* Heysham, 1 Dallas, 133, a *scire facias* against bail was allowed to be amended after judgment rendered thereon for plaintiff and after error brought.

On March 29th, a verdict was rendered "for plaintiff for $2,000 and interest from September 4th, 1863"; and on May

1st, following, the court permitted the verdict to be amended so as to read, "verdict for plaintiff $3,388.33," the difference being the amount of interest added from September 4th, 1863, to the date of the verdict: Paul v. Coughlin, 1 W. N. C., 390. Where a jury in an action of replevin sealed a verdict "for plaintiff to the amount of replevin with interest" and separated, the court, on opening same, instructed the jury to find the exact amount, and submitted to them a calculation thereof, which was accordingly rendered as their verdict. It was held, that the court had power to put the verdict in proper form: Smith v. Meldren, Adm'r, 11 Out., 348.

Mr. Justice PAXSON delivered the opinion of the court, February 14th, 1887.

This case involves the power of the court below to amend its record. The action was replevin; value of the property $461. The sheriff returned: "Replevied as commanded. Summoned Philip J. Cohn and Adolph Hyman; property bond entered, property as replevied delivered to defendant." The verdict as recorded was merely "verdict for plaintiffs." Such a verdict in replevin, with the property in the hands of the defendant, was an oversight or a blunder. It was of no practical use to the plaintiffs. The record shows that two days after the entry of judgment upon the verdict the plaintiffs took a rule to show cause why a writ of inquiry of damages should not be awarded. This was on March 11th. Upon the 30th of the same month a rule was granted "to show cause why the verdict entered in the above case should not be amended so as to make the entry of the verdict conform to the actual return of the jury." This rule was made absolute upon the 24th of April, the pending rule for the allowance of a writ of inquiry of damages having been withdrawn in the meantime. The verdict as amended was: "verdict for plaintiffs for $461..

At the time the rule was taken there was nothing upon the record to amend by except the statement of the value of the goods upon this writ, which, as before stated was $461, the precise amount of the verdict as amended. Under the rule, the deposition of Horace D. Gaw, the crier of the court, was taken. He deposed as follows: "I am crier of Court of Common Pleas No. 1. I remember the trial of the case of Scheuer v. Cohn in February last. . . . . The jury returned with a verdict at the close of the court, whereupon I asked them in the usual form whether they had agreed upon a verdict. The foreman replied they had, and in reply to 'How say you, do you find for the plaintiff or defendant?' the foreman replied, 'For the plaintiff, $461,' without waiting for me to ask the

[Cohn et al. *v.* Scheuer et al.]

usual question, In what amount do you assess the damages?"
The witness then goes on to state his reason for entering the
verdict without any amount, which was, briefly stated, that
the action was replevin, overlooking the fact that the defen-
dant had given bond and kept the property, in which case the
verdict is always for damages.

We have, then, a case where the record shows that some one
had blundered, an insensible and incomplete verdict as
originally recorded; the writ of replevin with the amount of
plaintiff's claim indorsed thereon; the oath of the court
officer who received the verdict, and the correction of the
error by the judge who tried the case and received the verdict.
We do not know what other evidence, if any, the learned
judge had before him. We have no means of reviewing his
findings of fact as the evidence is no part of the record, and
cannot come up here. It is true the deposition of the court
crier was filed, but that does not make it a part of the record,
nor entitle it to come up. If the case turned upon its suffi-
ciency we would be compelled to disregard it. We must as-
sume that there was evidence sufficient to satisfy the learned
judge that the verdict was originally rendered for $461, and
that the failure to so enter it was a mistake on the part of the
crier. It is possible his own notes of the trial may have dis-
closed the error. Be that as it may he decided the question of
fact upon evidence which was satisfactory to him. Under
these circumstances we cannot reverse his finding.

The power of the Court of Common Pleas to amend its rec-
ord so as to make it conform to what actually took place
before it, has been so often and so emphatically asserted, that
a reference to authority is almost unnecessary. As was said
in Trego *v.* Lewis, 58 Penn., 463: "Amendments which tend
only to advance the interests of justice are not only proper, but
necessary, and should always be allowed." It was further
said in that case: "The legislature has led the way to the
making of amendments of the most vital character, altering
names Christian and surname, changing and adding names of
parties, and even striking out parties where too many have been
included. It becomes us to keep pace with legislative reform
instead of lagging in its rear."

The power of the court to mould or amend verdicts of juries
is established by repeated decisions: Iven's Appeal, 33 Pa. St.,
237; Haycock *v.* Greup, 57 Id., 438; Byrne *v.* Grossman, 65
Id., 310; Smith *v.* Meldien, 107 Id., 348. It was contended,
however, that this power is confined to corrections made at the
time the verdict is rendered. This is not the law. In Iven's
Appeal, *supra*, the entry was "May 27, 1857, verdict for plain-
tiff," and on the 26th of October of the same year the record

was amended so as to read "verdict for the plaintiff on both issues." And there seems no good reason why this should not be done. It would be intolerable if a verdict may be entered erroneously by the clerk, and the court be powerless on the next day to correct it. And, if it may do so on the next day, why not the next week, or the next month? What magic is there in the lapse of a few days or a few weeks to prevent the court from amending its own record to conform to the truth? Must the court be forever chained to an error merely because the sun has gone down upon it? In Maus *v.* Maus, 5 Watts, it was said, on page 319: "It is never too late to amend the record merely for the purpose of correcting a misprision of the clerk. This is every day's practice and will be done after writ of error brought on account of it," citing Green *v.* Miller, 2 B. & A., 781; Mausly *v.* Steacy, 4 Taunt., 588. And see Brown *v.* Com., 78 Penn., where an amendment was allowed in a capital case after writ of error had been brought.

While the legislature has extended the power of amendment in a liberal way, the general power of the courts is very large, and has existed for a long time. Thus, in the Mayor and Burgesses of Grampound, 7 D. & E., 699, a motion was made for leave to amend the return to a writ of mandamus after verdict. The Court of King's Bench refused to give leave to amend, because they did not think it proper under the particular circumstances of that case; but they had no doubt of their power, not under the statute of *Jeofails*, but under the general authority of the court. It was there said that these amendments were reducible to no certain rule, but that each particular case must be left to the sound discretion of the court, and that the best principle seemed to be that an amendment should or should not be permitted to be made, as it would best tend to the furtherance of justice. In Barnes *v.* Frey, 1 Binney, 366, this language of the King's Bench was cited by Chief Justice TILGHMAN, who said: "There is so much liberality and good sense in the opinion which I have cited, that I cheerfully subscribe to it." In Kendig's Appeal, 82 Penn., 63, it was held that "upon an application to amend or alter the record, to grant or deny, rests within the sound discretion of the court whose record it is, and is not the subject of an appeal." A writ of error, as was said in that case, does not bring up the evidence. No matter how conclusive the evidence of a mistake may be to the mind of the court below, there is no mode by which the evidence can be brought here for review. Hence it has been very properly held that, granted the power to amend, the amendment itself must rest in the sound discretion of the court whose record it is.

We are of opinion that the amendment in this case was within the recognized power of the court. It must not be overlooked that the rights of third parties are not concerned. This contention is between the original parties to the record. The mistake having been judicially ascertained by the court below, how can the defendant be injured by having the record made to conform to the truth? He has been deprived of no right. He has not even been misled, and has not slipped his time for the exercise of any right. He knew that the verdict was rendered against him for $461. If he also knew that the clerk had made the mistake of recording it without the damages, he is chargeable with knowledge that it was a mistake the court could, and probably would, correct when attention was called to it. In no view of the case has he any reason to complain.

It is no answer to say that such alterations may affect innocent third parties. If we had an innocent party before us, who had been misled by this record, it would present a different question. But we have only the question as it affects the defendant, and, as to him, the amendment was proper.

Judgment affirmed.