## Neely et al., Appellants, v. Sensenig.

*Surplusage —Pecuniary verdict for defendant.*

Where in an action of assumpsit defendant pleads non assumpsit, and the verdict is for defendant for a sum named, there is nothing for the pecuniary verdict to stand upon and that part of the verdict will be rejected as surplusage. Where this is not done in the court below it will be done in the Supreme Court.

Argued May 16, 1892. Appeal, No. 115, July T., 1891, by plaintiffs, John Neely et al., from judgment of C. P. Lancaster Co., Sept. T., 1890, No. 38, for defendant, Levi Sensenig. Before Paxson, C. J., Sterrett, Williams, McCollum and Heydrick, JJ.

Assumpsit for hay sold. Plea, non assumpsit.

Defendant's counsel asked defendant: "Did or did not plaintiff guarantee the hay to be of first class quality and pure timothy. A. He did." [1]

Other questions as to quality and price were asked under objection and allowed. [2–6]

The verdict was : "Verdict for defendant, $1." Judgment accordingly. Plaintiff appealed.

*Errors assigned* were (1–6) admitting questions, quoting questions and answers but not bills of exception, and (7) verdict, quoting it.

*J. W. Johnson*, for appellant ; *D. H. Sensenig*, for appellee.

Per Curiam, July 13, 1892.

The jury rendered a verdict in the court below for the defendant for $1. As he entered no plea but that of non assumpsit there is nothing for the dollar to stand upon, and it must be rejected as surplusage. As this technical error was not corrected in the court below, it will be done here. That

portion of the verdict is set aside.    We find no other error in the record.    There was evidence sufficient to justify the jury in finding that the defendant guaranteed the hay to be of first class quality, and pure timothy.    All that followed related to the quality of the hay, and its price, which, under the facts of the case, could not be excluded from the jury.

Judgment affirmed.