Zarko et al. *v.* Kramer et al., Appellants.

444

Argued October 24, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*F. F. Reamer*, and with him *W. H. R. Unger*, of *W. H. Unger & Sons*, for appellants.

*John L. Pipa, Jr.*, for appellees.

Opinion by James, J., March 13, 1935:

The plaintiff, Adam Zarko, in his own right and as father and next friend of his daughter, Genevieve Zarko, brought an action of trespass against the de-

fendants and averred in his statement of claim that on the 19th day of June 1931, Genevieve Zarko was injured by the negligent operation of a truck by defendants' employee. In the statement, Adam Zarko claimed for medical expenses and loss of earnings in his own right and as her father and next friend, damages sustained by the daughter for pain and suffering, inconvenience and disfigurement. At the trial, it was undisputed that the doctor's bill and the hospital bill was $66.75. The jury was instructed that there were three items of damage: the expense to which Adam Zarko was put, the pain and suffering that the girl suffered, and her disfigurement and later on added that the daughter would be entitled to reasonable compensation for inconvenience. The court instructed the jury: "If you find a verdict in favor of the plaintiffs you will say, 'We find in favor of the plaintiffs' and then insert the amount." At the conclusion of the charge, the court requested counsel if there was anything further that they wished him to say to the jury to which defendants' counsel said, "Nothing further, your Honor." On March 14, 1933, the jury found the following verdict: "We, the jurors impanelled in the above entitled case, find a verdict in favor of the plaintiff for the sum of $2,000." On March 17, 1933, defendants moved in arrest of judgment and for a new trial setting forth inter alia: "The verdict rendered is improper in form," but on August 21, 1933, this motion was withdrawn. On August 23, 1933, on praecipe of plaintiff's attorney, the prothonotary entered judgment for $2,000 in favor of Adam Zarko. On August 28, 1933, on behalf of defendants a rule was granted to show cause why the said judgment should not be stricken from the record because the verdict on its face is improper, irregular and void. Plaintiff in his answer requested the court to modify the verdict to conform with the evidence. On the argument of

the motion, the plaintiff, Adam Zarko, waived his right to the sum of $66.75 and asked that the judgment be moulded so as to have judgment entered in favor of Genevieve Zarko for the balance of the verdict, $1,933.25, and accordingly on November 24, 1933, the court moulded the verdict so as to be considered in favor of Genevieve Zarko by her father and next friend in the sum of $1,933.25, and judgment for that amount was entered, from which judgment this appeal was taken.

Appellants contend that under the Act of May 12, 1897, P. L. 62, 12 PS §1626, the verdict was irregular and void. The second section of said act provides as follows: "Either the parent or the child by its duly appointed guardian may waive his or her right of action, and his or her failure to join in the suit within twenty days after service of a rule to join or be barred shall be conclusive evidence of such waiver. But if both parent and child join in the suit separate verdicts shall be rendered, one verdict determining the right of the child, and the other verdict determining the right of the parent, and separate judgments shall be rendered thereon with the right to separate executions."

Undoubtedly, the verdict which was rendered by the jury was not in compliance with the Act of 1897, but we cannot be convinced that it should be so strictly construed as to result in an injustice to the present plaintiff. The purpose of the act was to determine the amount which the plaintiffs were to receive in their own right and it was the duty of the trial judge to instruct the jury to bring in separate verdicts if they found for the plaintiffs; but we should be loath to punish the plaintiffs for an oversight or slip of the trial judge if upon an examination of the record, the court was justified in moulding the verdict in accordance with the proof.

In the opinion of the court below, we find the follow-

ing: "If there was any doubt or misunderstanding as to the amount due Adam Zarko, the Court would not attempt to mould the verdict. But in view of the undisputed testimony as to the amount of Sixty-Six Dollars and Seventy-Five Cents, ($66.75) due him, the admission of the defendants that this amount was fixed and the charge of the court directing the jury to include this exact amount in the verdict as the only amount due Adam Zarko, with a positive direction to the jury to allow this amount, the court feels that the verdict should be moulded in accordance with the facts, so as to have justice done the plaintiff, Genevieve Zarko."

The power of the courts to mould or amend verdicts of juries is established by repeated decisions: Ivens's Appeal, 33 Pa. 237; Haydock v. Greup, 57 Pa. 438; Byrne v. Grossman, 65 Pa. 310; Smith v. Meldren, 107 Pa. 348, and this power is not confined to corrections made at the time the verdict is rendered: Cohen et al. v. Scheuer et al., 115 Pa. 178, 8 A. 421. No definite rule has been established but each particular case must be left to the sound discretion of the court and the best principle seems to be that an amendment should or should not be permitted to be made as it would best tend to the furtherance of justice: Cohen et al. v. Scheuer et al., supra. In the recent case of Hug v. Hall, 79 Pa. Superior Ct. 392, where the jury rendered a verdict setting forth, (1) property damage $650, (2) loss of wife's service and doctor bills $300, (3) wife's personal damage $400; $1,350, upon which judgment was entered for $1,350 in favor of the plaintiffs jointly, the judgment was upon appeal moulded to conform to the actual findings of the jury. The court relied for its authority to do so upon the cases of Cohen v. Scheuer, supra, Murtland v. English, 214 Pa. 325, 63 A. 882. See also Leckstein v. Morris, 80 Pa. Superior Ct. 352.

448

Undoubtedly, the court could not change, mould or reform the verdict to the extent of rendering its own verdict, but whereas the proof in the present case establishes beyond dispute the amount one of the plaintiffs was entitled to receive, we are satisfied that it was within the sound discretion of the court to mould the verdict so as to consider the balance of the verdict as intended for the other plaintiff. In so doing, no injury has been done the defendants, yet to hold that the court was without authority to mould the verdict would cause a grave injustice to the plaintiff.

Judgment affirmed.