Cummings *v.* Ventura, Appellant.

430

Argued November 16, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Francis A. Muracca,* for appellant.

*Harry W. Miller,* with him *Van der Voort, Royston, Robb & Leonard,* for appellees.

OPINION BY HIRT, J., December 29, 1953:

On January 25, 1947 Ruth V. Cummings, prior to her marriage with Willis Cummings, was injured when the automobile owned by him, which she was driving,

was struck by another car. After their marriage they as husband and wife, jointly sued the defendant for damages. He was the driver of the other car involved in the collision. He was served on July 29, 1948 and on March 2, 1949 judgment was entered in favor of the plaintiffs and against the defendant for want of an appearance and an answer to plaintiffs' complaint. The amount of the damages was referred to a jury for liquidation and in an ex parte proceeding a joint verdict was returned by the jury in favor of the plaintiffs and against the defendant in the sum of $5,000. The verdict was reduced by the trial judge to $3,000 and, on plaintiffs' consent to the reduction by remittitur filed, a joint judgment was entered in their favor against the defendant on November 19, 1951 in that amount. On February 29, 1952 the defendant petitioned the court to strike off the judgment. In his petition he also averred that he had not been properly served and that he had a meritorious defense to the action. A proceeding to strike off a judgment is not equitable and our inquiry is limited to the question whether there are defects in this record which invalidate the judgment as entered and as subsequently molded by the court. The record shows that the service on defendant, presumptively at least, was valid.

The evidence before the jury was that the woman-plaintiff sustained a serious injury to her back and was deprived of her earnings as a nurse over a period. She paid for all medical services out of her own earnings. It cost Willis Cummings $49.79 to repair his automobile and at the argument on this appeal it was conceded that $49.79 was his total damage. Appellant's brief also contains an admission to the same effect. On March 31, 1953, the lower court molded the verdict of the jury to reflect a finding for Willis Cummings in the sum of $49.79 and in favor of plaintiff,

Ruth V. Cummings, in the amount of $2,000, against the defendant Arman Ventura. Both plaintiffs filed remittiturs and, by way of amendment of the judgment previously entered, separate judgments were substituted on the verdicts as molded by the court.

Appellant does not raise the question whether a husband can join his wife in an action in trespass for damages which were suffered by them before the marriage; but cf. Goodrich-Amram, §2231(d) and §2232(b). Defendant's sole contention is that the judgment entered on a single verdict in favor of both plaintiffs, based on two causes of action, was fatally defective. It undoubtedly is the law that where the injuries to husband and wife occur after marriage separate verdicts must be returned and separate judgments entered. *Nunamaker v. New Alexandria Bus Co. Inc.,* 371 Pa. 28, 88 A. 2d 697. But in our view the objection has been removed by the second molding of the verdict by the court to reflect a finding of $49.79 for the husband and $2,000 for the wife. Certainly a court may not, under the guise of amending a verdict, invade the exclusive province of the jury. *Maize, Admr. v. Atlantic Ref. Co.,* 352 Pa. 51, 41 A. 2d 850. But the power of the court to mold a verdict is not limited to the time when the verdict is rendered. *Zarko v. Kramer et al.,* 117 Pa. Superior Ct. 443, 177 A. 478. In the *Nunamaker* case, supra, the injuries to the plaintiffs occurred after their marriage. The wife's damages were for physical injuries and pain and suffering; the husband's for his expenses and the loss of his wife's services. It was there held that the single verdict was fatally defective because the defendant was entitled to have separate verdicts against him since only by such allocation of the damages "can the defendant be informed if the verdicts are consistent or one or the other is excessive." In that case the trial court could

not possibly have molded the verdict between the two plaintiffs to reflect the intention of the jury as to the amount allotted to the wife for her injuries and her pain and suffering, and the amount of the husband's damage for the loss of his wife's services. Here the amount of the husband's damage is admitted and only the wife was in position to complain of the reduction of the verdict reflecting her damages; she did not, but on the contrary filed of record her consent to the verdict as molded. This appeal is not ruled by the *Nunamaker* case. What the court did in the present case on entering a separate verdict in favor of the husband-plaintiff was in accordance with the defendant's admission as to the total amount of his damage. Accordingly the circumstances justified the molding of the verdict on the authority of the *Maize* case, in the interest of justice.

The testimony in this case was not reported stenographically. But we must assume that the court properly instructed the jury as to damages recoverable by Ruth V. Cummings and that their verdict as ultimately reduced by the court reflects her damage under the law. The case of *Zarko v. Kramer et al.*, supra, presents a similar factual situation in which we affirmed the lower court in molding a verdict to attain a like result in the "furtherance of justice".

Order affirmed.