Williams, Appellant, *v.* Van Camp.

Argued October 1, 1954. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Henry E. Rea, Jr.,* with him *John A. Metz, Jr.,* and *Metz, McClure, Hanna & MacAlister,* for appellant.

*Meyer W. Gordon,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 8, 1954:

As the result of an automobile accident which occurred in Crawford County, Alice Johnson Williams sued Willard Van Camp and Bette Heckman in trespass in the Court of Common Pleas of that County. Neither defendant entering an appearance, the case was tried *ex parte* and the jury returned the following verdict: "We, the jurors empanelled in the above-entitled case, find Willard Van Camp guilty of negligence in operating the car owned by Bette Heckman and award the lump sum of $6,000. to the plaintiff Alice Johnston Williams."

After an exemplification of the record had been filed in Allegheny County, the defendant Bette Heckman moved to quash a writ of scire facias issued on petition of the plaintiff. It was held by this Court (*Williams v. Van Kemp*, 370 Pa. 359), that the exemplification filed in Allegheny County was incomplete, and in due time the record was properly amended and completed.

The plaintiff then filed a statement of claim and a praecipe for a writ of scire facias to revive judgment. The defendant Bette Heckman moved to quash the writ and to strike from the record the exemplification of the record as it applied to her. The lower court held that the verdict as entered did not support a judgment against Bette Heckman and therefore granted the motion to quash the writ of scire facias.

The question before this Court, therefore, is whether the quoted verdict does authorize the entering of a judgment against Bette Heckman. The law suit was against Willard Van Camp *and* Bette Heckman. Unless there is something in the history of the case to show that one or the other of the defendants was excluded by operation of law, the verdict would necessarily hold against both defendants. The record shows no such exclusion. To argue that Bette Heckman is

not liable because the verdict does not state she is liable would be to say that Van Camp is also not liable because the verdict does not declare that *he* is liable. It does say that Van Camp was guilty of negligence, but that of itself would not make Van Camp responsible in money damages because it is within the range of possibility that the jury could have found the plaintiff guilty of contributory negligence in which event Van Camp would not be answerable monetarily even though guilty of negligence.

However, since we cannot read into the verdict what is not there, we cannot speculate on a possibility that the plaintiff committed contributory negligence and we cannot speculate on a possibility that the jury exculpated Bette Heckman from the charge of negligence. We do know that the jury awarded to the plaintiff the sum of $6,000. Had the jury merely said: "We find for the plaintiff in the sum of $6,000," there could be no question that the verdict would be against *both* Van Camp and Heckman.

It is to be assumed that the trial was properly conducted and that the jury correctly instructed on its duties. Given the nature of the action, it would be inevitable that the court would instruct the jury that in order to hold Bette Heckman liable in damages for the negligence of her servant or agent, the jury would have to find that the agent was negligent. Hence, the jury removed all doubt about Van Camp's negligence and hence, also Heckman's liability, by stating that Van Camp was negligent.

In *Smullin v. Harenski,* 106 Pa. Superior Ct. 453, 455, the Superior Court said: "Where the intention of the jury is plain, the court may mold the verdict into form according to the requirements of the law. 'But strict form is not now required in verdicts; it is only to be understood what the intention was, agreeable to

which the verdict may afterwards be moulded into form . . .If the verdict is good, the judgment is likewise so; for being entered generally, if drawn at large, it may be put into form, and as the merits have been tried, justice must be obtained, without being entangled in technical niceties' Friedly v. Schettz, 9 S. & R. 156, 165."

Hence, the verdict can be read in two parts:

1. We find Willard Van Camp guilty of negligence in operating the car owned by Bette Heckman.

2. We award the lump sum of $6,000 to the plaintiff, Alice Johnston Williams.

Read in that manner, we have a specific finding followed by a general verdict. The fact that the jury includes a specific finding as to the negligence of one of the defendants, whose negligence must be established in order to support a judgment against the other defendant, can in no way impair the effectiveness of the general verdict.

It may be added that if Bette Heckman had entered an appearance after court process had been served on her, she would have had an opportunity to explain through court proceedings whether Van Camp was acting for her or not when the automobile accident occurred. The person who ignores litigation at its inception will find that with the passage of time the trickle of threatened trouble has become a torrent of harassment.

In any event, the rule laid down in 53 American Jurisprudence, Trial, Section 1040, is a good rule, and it is here followed: "A verdict 'for plaintiff' in an action against more than one defendant but silent as to whom the verdict is against is to be construed as a verdict against all the defendants joined in the action who have been duly served with process or have entered an appearance."

The order entered by the court below is reversed and the cause is remanded with a procedendo.

Mr. Justice JONES and Mr. Justice ARNOLD dissent.