## Trout v. Oswald

*I. Newton Taylor* and *A. Lynn Corcelius*, for plaintiffs.

*R. Merle Heffner* and *M. M. Terrizzi*, for defendants.

LEHMAN, P. J. (Fifty-eighth Judicial District, Specially Presiding), February 16, 1960.—Plaintiffs sued in trespass to recover damages for breaking and entering a close 26 acres and 77 perches in Cass Township, Huntingdon County. The action was founded upon possession and not title to real estate. Plaintiffs were not bound to prove title to the real estate in dispute, unless defendants destroyed the presumption arising from plaintiffs' alleged possession by showing a title prima facie good in themselves: Roncace v. Welsh, 141 Pa. Superior Ct. 170, 172, 14 A. 2d 616.

Plaintiffs claimed a superior title based upon possession by them at the time of the alleged trespass. Defendants admitted taking possession of the disputed tract of land and claimed a record title to the eastern portion thereof. Plaintiffs countered with evidence of adverse possession by them of the disputed tract for a period substantially in excess of the required 21 years.

The jury returned the following verdict:

"AND NOW, September 22, 1957, we, the jurors empanelled in the above-entitled case, award plaintiffs by right of adverse possession the tract of land in dispute. We further find defendants guilty of trespass and award plaintiffs the sum of $270 for damages. Louis Brooks, Foreman."

After the verdict had been recorded and the jury discharged, counsel for defendants presented a written motion to amend the verdict by deleting therefrom any reference to plaintiffs having acquired title by adverse possession, alleging that said reference was surplusage by reason of the fact that the title to the land had not been in issue.

Thereafter the charge of the court was transcribed and argument of said motion was heard.

The sole question before us is whether the court now has the right to mould or amend the jury's verdict by deleting therefrom the award to plaintiffs of the tract of land in dispute.

While it was necessary for the jury to hear testimony relating to both possession and title, to properly determine whether or not damages should be paid plaintiffs and, if so, the amount that should be paid, title as such was not the issue being tried. Inasmuch as the title to the land was not the issue being tried but rather, damages for trespass, any part of the jury's verdict, other than an award of damages, is mere surplusage. It would be totally unfair to defendants and in complete disregard of their rights in the current action to have an award of title in favor of plaintiffs. We are satisfied that we now have the right to so mould the jury's verdict.

The Supreme Court in Williams v. Van Camp, 379 Pa. 149, 151, 152, 108 A. 2d 726, 727, stated:

"In Smullin v. Harenski, 106 Pa. Superior Ct. 453, 455, the Superior Court said: 'Where the intention of the jury is plain, the court may mold the verdict into

form according to the requirements of the law. "But strict form is not now required in verdicts; it is only to be understood what the intention was, agreeable to which the verdict may afterwards be molded into form. . . . If the verdict is good, the judgment is likewise so; for being entered generally, if drawn at large, it may be put into form, and as the merits have been tried, justice must be obtained, without being entangled in technical niceties": Friedly v. Scheetz, 9 S. & R. 156, 165.' "

It was held in Zarko v. Kramer, 117 Pa. Superior Ct. 443, 447, 177 Atl. 478, as follows:

"The power of the courts to mould or amend verdicts of juries is established by repeated decisions: Ivens's Appeal, 33 Pa. 237; Haydock v. Greup, 57 Pa. 438; Byrne v. Grossman, 65 Pa. 310; Smith v. Meldren, 107 Pa. 348, and this power is not confined to corrections made at the time the verdict is rendered: Cohen et al. v. Scheuer et al., 115 Pa. 178, 8 A. 421. No definite rule has been established but each particular case must be left to the sound discretion of the court and the best principle seems to be that an amendment should or should not be permitted to be made as it would best tend to the furtherance of justice: Cohen et al. v. Scheuer et al., supra."

In Smullin v. Harenski, supra, plaintiff sued in assumpsit to recover the value of services rendered by him to defendant. Both parties were funeral directors, and at various times they loaned each other automobiles. Plaintiff admittedly had furnished more service to defendant than he had received. Plaintiff claimed a cash settlement for the balance due him. Defendant claimed there was to be no cash settlement but a mutual exchange of automobiles. The jury found there had been no agreement to pay for the value of the services but added to its verdict that defendant "should pay sixty cars in trade." The lower court moulded the

verdict and judgment was entered for defendant. On appeal, the action of the lower court was upheld. The Superior Court stated:

"The jury was principally to determine whether settlement was to be made in cash or by the mutual exchange of cars and defendant expressed his willingness to furnish his cars to plaintiff at any time that he is requested so to do. The jury replied that the plaintiff was not entitled to recover but added what we regard as surplusage,—that there was a certain amount of service still due on demand from defendant to plaintiff. We think this comes clearly within the rule that such comments by the jury may be treated as surplusage and disregarded": Page 456.

Where in an action of assumpsit defendant pleaded non assumpsit, and the verdict was for defendant for a sum named, there was nothing for the pecuniary verdict to stand upon and that part of the verdict will be rejected by the lower court or appellate court as surplusage: Neely v. Sensenig, 150 Pa. 520, 24 Atl. 748.

Upon an indictment for putting goods on board a carriage with intent to transport them out of the country, under penalty of a fine four times the value of the goods, a jury verdict of guilty and a finding by the jury of the value of the goods, entitles the government to a judgment on the verdict of guilty and the latter part of the verdict is treated as surplusage: United States v. Tyler, 7 Cranch (U. S.) 285, 3 L. Ed. 344.

A finding in an action to replevy property levied on by a sheriff under execution that the property was in the defendant, should be treated as surplusage: Weskalnies v. Hesterman, 288 Ill. 199, 123 N. E. 314, 4 A. L. R. 128.

The matter in a verdict of guilty of grand larceny specifying the means by which defendant committed the crime is mere surplus and does not vitiate the

verdict: State v. Wolkow, 110 Kan. 722, 205 Pac. 639, 42 A. L. R. 265.

In an action to recover possession of a calf, unauthorized findings as to the ownership and value of the calf do not vitiate in its entirety a verdict for defendant, since such additional matter may be treated as surplusage and disregarded: Barett v. Shipley, 63 Mont. 152, 206 Pac. 430.

Admittedly, the court cannot change, mould or reform a verdict to the extent of rendering its own verdict: Zarko v. Kramer, supra, page 448.

The intention of the jury in the instant case was plain. It showed an intelligent understanding of the facts of the case. Its verdict merely went further than an award of damages for trespass. The jury not only awarded damages in trespass, the only issue before them, but awarded plaintiffs title to the land in dispute. While it was necessary for the jury to hear the testimony as to possession, record title and adverse possession in order to determine the issue of trespass damages, the action being grounded in trespass and not ejectment, the verdict could contain no award of title. There is nothing contradictory in the jury's verdict. By deleting that part of the verdict which awarded plaintiffs title to the land, we are not changing or reforming the verdict so as to make it our own. We are merely striking out the part of the verdict which the jury had no power to render. Mere surplusage does not vitiate a verdict. The superfluous should be disregarded and stricken.

During the trial of the instant case, counsel stipulated that by reason of the death of Anna Oswald, plaintiffs were seeking no judgment against her or her estate. In moulding the verdict we, accordingly, have not included her name or estate in the verdict.

We accordingly enter the following

### Decree

And now, February 16, 1960, the verdict of the jury in the above case is hereby moulded to read and ordered recorded as follows:

"And now, September 27, 1957, we, the jurors empanelled in the above-entitled case, find for plaintiffs and against defendants, Joseph Oswald and Peter Paul Oswald, in the sum of $270. Louis Brooks, Foreman."