Daniels, Appellant, *v.* Frederick.

Argued December 13, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Donald E. Wieand,* with him *Butz, Hudders, Tallman, Huston & Wieand,* for additional defendant, appellant.

*Boyd H. Walker,* and *Walker & Walker,* for plaintiff, appellant.

*Paul A. McGinley,* for appellee.

OPINION PER CURIAM, March 22, 1961:

The judgments entered in the Court of Common Pleas of Lehigh County are affirmed on that portion of the opinion of President Judge JAMES F. HENNINGER relating to the questions raised on appeal and which is set forth hereafter with a footnote added by this Court.

"Paula Daniels, wife of Russel Daniels, was a passenger in the automobile of Edward L. Daniels, driven by additional defendant, Ruth M. Daniels, wife of the owner. The plaintiffs sued original defendants for the damages suffered when the Daniels car was forced off the road by the truck driven by defendant Frederick and then struck a tree, although there was no contact between the truck and the car.

. . .

"Edward L. Daniels recovered a verdict against Yale Frederick and Ruth M. Daniels for $1074.80 for the damages to his automobile, Paula Daniels for $3000 for pain and suffering and disfigurement and Russel Daniels for $2335.90 for past and future medical expenses for his wife, Paula Daniels.

"Ruth M. Daniels as plaintiff and as additional defendant has moved for a new trial . . .

"Ruth M. Daniels has filed the following reasons for a new trial: (1) failure to instruct on the burden in proving negligence against an additional defendant; (2) failure to instruct on the burden in proving contributory negligence; (3) error in charging that a plaintiff must show that he was not guilty of contributory negligence; (4) error in charging that plaintiff may not recover unless free from contributory negligence and (5) charge on proximate cause was erroneous and confusing.

"As to point No. 5 above, we read the points for charge submitted on the question of proximate cause and elaborated upon them. At the end of the charge no one suggested any error or inadequacy.

"We clearly instructed the jury that the burden was upon the one seeking to recover to prove the negligence of the one from whom he sought to recover. There was strong evidence that defendant's truck and the Daniels' car were far apart at the time when the truck completely blocked Ruth Daniels' side of the road and that

the truck and car passed each other far from the place where the car struck a tree, thus giving Mrs. Daniels plenty of opportunity to come back onto the road and weakening her claim that she was acting in an emergency. The jury evidently accepted this testimony as true. The situation here was very similar to that in Central Greyhound Lines v. George, 379 Pa. 221, so far as Ruth Daniels' negligence is concerned and the jury had ample justification for finding that the injuries suffered arose from the joint negligence of Frederick and of Ruth M. Daniels.

"The consistency in the verdicts is a clear indication that the jury understood the issues and deliberately concluded that Ruth Daniels was herself negligent.

"It is true that we failed to instruct the jury as to the burden of proof in contributory negligence and that our instruction on the matter of a plaintiff's responsibility to prove his case without showing himself guilty of contributory negligence was stronger than it should have been by placing the word 'not' at the wrong place.[1] See Graciano v. Polteno, 183 Pa. Superior Ct. 437, 441; Sullivan v. Allegheny County, 187 Pa. Superior Ct. 370, 376.

"Defendant Frederick contends with considerable cogency, however, that since earlier in the charge, we correctly defined the burden of proof essential to hold Ruth Daniels as an additional defendant and since she was so held and since that burden was exactly the same necessary to convict her of contributory negligence, the

---

[1] The Court charged: "Now when we get to contributory negligence, I am again affirming—or let me say this before we get to that. For a plaintiff to recover the plaintiff must not only show that the defendant was guilty of negligence but the plaintiff must show that he himself was not guilty of any negligence which contributed to the cause of the accident, because then although the defendant may have been guilty of negligence the plaintiff is not entitled to recover."

failure to instruct explicitly on that subject was not prejudicial to her as plaintiff.

"Were we to grant Ruth Daniels, plaintiff, a new trial to correct the inadequacy of our instructions we would immediately be confronted with the question of res adjudicata, for she has already been found to have been negligent by the proponderance of the evidence. See Simodejka v. Williams, 360 Pa. 332, in which it is stated (p. 336) as follows:

" 'The verdicts determined that the cause of action was the negligence of both Michael and Williams. Michael's cause of action, the basis of his complaint in the present suit, is the same cause of action on which he received contribution in the other suit. It is immaterial, in now passing on William's motion for judgment on the pleadings that George and Boasnac were also parties in the prior suits.'

"Believing, therefore, that the issue of Ruth Daniels' negligence was established by the weight or preponderance of the evidence in her capacity as additional defendant, we have no right or duty to award her a new trial upon the same issue where she appears as plaintiff.

"Furthermore, it is immaterial that Ruth Daniels was represented by separate counsel in her two capacities as plaintiff and as additional defendant. It was the same Ruth Daniels who is concluded by the finding of negligence on her part."

Judgments affirmed.