Acquaviva et al. *v.* Hartman, Appellant.

506

Argued April 13, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Russell J. Butler, Jr.,* with him *Weis & Weis,* for appellant.

*Coleman Harrison,* with him *J. Thomas Hoffman,* for appellees.

OPINION BY MONTGOMERY, J., June 11, 1964:

As a result of a collision between an automobile operated by Betty Louise Acquaviva and another operated by George J. Hartman, at the intersection of Harding Drive and Glen Way in Penn Hills Township, Allegheny County, Betty Louise Acquaviva and her daughter, Mary Louise Acquaviva, aged three, a passenger in the car operated by her mother, were injured, and the automobile in which they were riding, owned by the husband and father Nicholas W. Acquaviva, was damaged beyond repair.

A complaint in trespass was filed by the three Acquavivas against George J. Hartman and his mother, Wilda Hartman, who owned the automobile operated by her son, on the theory that he was her agent.[1] Damages were claimed by reason of injuries to Mrs. Acquaviva and her daughter and also for the loss of the automobile.

The Hartmans were granted a severance of the claim of Mrs. Acquaviva from the claims of Mr. Acquaviva and the minor; and Mrs. Acquaviva was brought upon the record as an additional defendant in their case.[2] The actions were consolidated for trial, which

---

[1] Plaintiffs took a voluntary nonsuit as to Mrs. Hartman at the trial. For that reason she is not properly an appellant.

[2] The caption of this case as set forth in this appeal is improper. The severed cases should be captioned separately.

resulted in verdicts in favor of the minor for $1,200, in favor of Mr. Acquaviva for $300, and for Hartman in the action of Mrs. Acquaviva against him. In the latter action the jury, without having been requested to make a special finding, found for the defendant "because of the contributory negligence of the plaintiff Mrs. Betty Louise Acquaviva." Although the jury did not specifically name the original defendant, Hartman, or the additional defendant, Mrs. Acquaviva, as the party or parties against whom the verdicts of the minor and Mr. Acquaviva were rendered, such a verdict would be construed to be against both. *Williams v. Van Camp,* 379 Pa. 149, 108 A. 2d 726 (1954).

Motions ex parte all plaintiffs for a new trial were granted for the reasons, (1) that the charge of the court did not properly define contributory negligence and did not inform the jury that the burden of proving contributory negligence on the part of the plaintiff was on the defendant and, (2) "that the charge contained matters not pertinent to the issues of the case. We have no doubt that these comments tended to confuse the jury further."

Although no specific comments are set forth in the opinion of the lower court, we have examined the charge and we find none that constitute basic and fundamental error so prejudicial as to be covered by a general exception to the charge. No specific exception was taken. Therefore, we shall consider only the matter of contributory negligence and the burden of proving it.

Contributory negligence is not a factor in the action of the husband and child. The burden rested on them to prove negligence on the part of the defendant Hartman alone or on him and the additional defendant jointly; the jury was properly informed of that burden. Therefore, the award of a new trial to Mr. Acquaviva and the minor, for this reason, was clearly erroneous.

However, the question of contributory negligence was a factor in the case of Mrs. Acquaviva against Hartman. This was adequately explained to the jury although an instruction on the burden of proving it was omitted. This omission does not justify the awarding of a new trial to Mrs. Acquaviva. *Daniels v. Frederick,* 194 Pa. Superior Ct. 456, 168 A. 2d 643 (1961). In that case (page 460, 168 A. 2d 644) we adopted the following statement from the opinion of the lower court: " 'Were we to grant Ruth Daniels, plaintiff, a new trial to correct the inadequacy of our instructions we would immediately be confronted with the question of res adjudicata, for she has already been found to have been negligent. . . . See Simodejka v. Williams, 360 Pa. 332 [62 A. 2d 17]. . . .' " Ruth Daniels in that case was also a plaintiff who had been made an additional defendant in the action of her co-plaintiffs.

Had the lower court given the jury the instruction that Hartman also had the burden of proving Mrs. Acquaviva negligent, it very well could have been confusing and seemingly contradictory to the jury and might have resulted in verdicts for all plaintiffs. Such verdicts would have been inconsistent since one would have been predicated on a finding that Mr. Acquaviva and his daughter had met their burden of showing Mrs. Acquaviva negligent; the other, on a finding that Hartman had failed to prove that she had been contributorily negligent. Whether her acts be termed negligence or contributory negligence they, nevertheless, were the same. Under the instructions, as given, the jury finding her negligent in both cases, returned consistent verdicts.

It is important that courts should not give conflicting or confusing instructions. *Grove v. Equitable Life Assurance Society of United States,* 336 Pa. 519, 9 A. 2d 723 (1939). The purpose of combining trials is twofold: one is to prevent inconsistent verdicts, and

the other is to eliminate trial delays and speed litigation. *Ason v. Leonhart,* 402 Pa. 312, 165 A. 2d 625 (1960). The primary duty of a trial judge in charging the jury is to clarify the issues so that the jury may comprehend the questions that they are to decide. *Smith v. Clark,* 411 Pa. 142, 190 A. 2d 441 (1963); *Randolph v. Campbell,* 360 Pa. 453, 62 A. 2d 60 (1948).

Although actions consolidated for trial purposes retain their separate character and require the entry of separate judgments, *Azinger v. Pennsylvania Railroad Company,* 262 Pa. 242, 105 A. 87 (1918), and, technically, if tried alone, the case of Mrs. Acquaviva, which is a separate action, would require a complete charge on contributory negligence and the burden of proving it, we are of the opinion that the trial judge did not commit prejudicial error in refraining from charging on that burden of proof in this consolidated trial. By not instructing on that point, he avoided the uncertainty and confusion that otherwise might have been created. Such an instruction was not requested by Mrs. Acquaviva and no objection was taken to the charge because of this omission. Furthermore, the failure so to instruct was not assigned by her as a reason for a new trial. Therefore, we hold that any technical right to such an instruction was waived by her.

We have examined the record very carefully and find no other valid reason for granting a new trial in conformity with the concept of "in the interest of justice." There was sufficient evidence on which the jury could charge Mrs. Acquaviva with negligence. Furthermore, we are satisfied that the verdicts for Mr. Acquaviva and the child are not inadequate under the evidence as the jury might have viewed it.

Although appellate courts generally will not reverse the grant of a new trial unless there is either a clear abuse of discretion or an error of law that alone controls the case, other rules governing the manner in

which we are to review orders granting new trials are set forth in *Murosky v. Spaulding*, 402 Pa. 86, 92, 166 A. 2d 34, 37 (1960), viz., inter alia, "(2) where 'in the interest of justice' is the only reason assigned for the grant of a new trial, it is our obligation to examine the entire record to determine whether any *valid* reason exists for disturbing the jury's verdict: . . . (3) where the court below decides to grant a new trial for a particular reason which on appellate review is deemed without merit, a reversal may be directed: . . ."

Since there was no valid reason for the grant of a new trial to any of the plaintiffs, the lower court must be held to have abused its discretion in awarding one.

Order reversed and judgment on the verdicts ordered upon payment of the proper costs.

WRIGHT, J., would affirm on the opinion of Judge WEISS for the court below.