## Financial Enterprises, Inc. v. Radnor Industries, Ltd.

*Donald L. Weinberg*, for petitioner.
*Leonard Dubin*, for respondents.

GUARINO, *J.*, February 21, 1980—This matter is before us on petition to consolidate two cases presently pending before the court under Pa.R.C.P. 213.

In June of 1979, Raven Associates-Toms River (Raven), a partnership consisting of defendants named in this suit, in seeking to raise money for the purpose of acquiring certain New Jersey property offered to sell limited partnership shares. Under the terms of a private memorandum agreement (memorandum) purchasers of limited partnership units were required to make payments to "Raven Associates-Toms River escrow account"; the Jefferson Bank (bank) was the escrowee.

On July 18, 1979, the bank received notice from the general partners of Raven (individual defendants herein) directing disbursements of the escrow account; a payment of $48,000 was to be made to Raven's attorneys (EMPC) for legal fees. On that date, Financial Enterprises, Inc., plaintiff in this case (plaintiff-petitioner), also advised the bank that it was entitled to a fee in the sum of $47,985. Raven specifically objected to any such payment to petitioner.

The private memorandum provides for the disposition of the escrow account. Payments to EMPC are specifically provided for therein; petitioner is not mentioned in that memorandum. Nonetheless, a competing claim having been presented by plaintiff-petitioner on July 18, 1979, the bank filed the declaratory judgment action seeking the aid of the court in interpreting the memorandum agreement and to protect itself from any possible improper payment.

On October 16, 1979, plaintiff-petitioner filed a suit against Raven and the other signatories to the private memorandum agreement. In a complaint consisting of five counts, each based on a different theory, it seeks to recover the sum of $47,985 for services rendered in connection with the sale of the limited partnership units of Raven. Then, on De-

cember 3, 1979, plaintiff-petitioner filed the present petition requesting consolidation of this case with the declaratory judgment action which had been filed by the bank earlier in July of 1979. Defendants in this action (respondents) oppose the consolidation.

The issue is governed by Pa.R.C.P. 213. Subsection (a) of the rule authorizes the combination of actions which have been separately begun. It provides:

"(a)  When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party *may order* a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay." (Emphasis supplied.)

Subdivision (a) authorizes the combination of actions which have been separately begun. The wording of the rule "may order" is precatory, making consolidation where there is a common question of law and fact a matter within the sound discretion of the court. The court may order a consolidation of actions at any stage of the proceedings; it does not have to wait until the pleadings are closed, discovery completed or until the case has been certified as ready for trial. See 1 Goodrich-Amram 2d §213(a):2. The rule was specifically designed to foster judicial economy and to prevent needless expenses, costly delays and duplications of effort: Ason v. Leonhart, 402 Pa. 312, 165 A. 2d 625 (1960); Acquaviva v. Hartman, 203 Pa. Superior Ct. 505, 201 A. 2d 239 (1964).

In the declaratory judgment action the issue is: Who shall be entitled to the escrow funds held by

the bank? The bank makes no claim for itself. Its action was made necessary by the competing claims of EMPC and the other respondents and plaintiff-petitioner. Both actions arise out of the sale of limited partnership units of Raven. The escrow fund which was set up in that transaction is the subject of competing claims. There are two pretenders to these funds, each claiming to have rendered the services in connection with the transaction and the creation of the fund. Except for these competing claims, there would have been no necessity for the earlier declaratory judgment action filed by the bank.

Where competing claims for services rendered are made in connection with a transaction, and two separate suits are filed making claim on a fund which is part of the transaction from which the competing claim arises, the two suits should be combined. The real parties and the real issues should be brought together in one suit so that their correlative rights and duties may be properly equated and adjudicated (see Raw v. Lehnert, 238 Pa. Superior Ct. 324, 357 A. 2d 574 (1976)), thereby avoiding the possibility of inconsistent verdicts. See Sisk v. Duffy, 201 Pa. Superior Ct. 213, 192 A. 2d 251 (1963); Acquaviva v. Hartman, supra. Avoiding unnecessary delay, expenses and duplications of effort is the laudable objective of the rule, beneficial to the court and to the litigants. Thus, in the absence of a clear showing that prejudice will result from the consolidation, these two cases should be consolidated.

Respondents argue that consolidation will be prejudicial and not accomplish these objectives. In support of this argument, they point to the following factors: they note that this case was filed later than the other case, is subject to delay by prelimi-

nary objections and the complexity of its five counts; that the declaratory judgment case is ripe for judgment, and that the consolidation will give to petitioner an unconstitutional advantage—a pre-judgment attachment on the escrow funds.

I am not persuaded that any prejudice will result in combining the two cases. Where it appears that a common question of fact or law is involved, an order consolidating the two cases may be joined under Rule 213(a) although one of the cases is not at issue. See 1 Goodrich-Amram 2d §213(a):2, p. 167. The fact that the delays that inhere in each case will not be reduced by consolidation is inconsequential. It is the savings in total time, total expenses, and total effort and the elimination of duplication involved when two cases involving the same parties and counsel are processed separately that are the desired objectives of the rule. See Acquaviva v. Hartman, supra.

The argument that consolidation would give to plaintiff a pre-judgment attachment similar to that struck down in Jonnet v. Dollar Savings Bank of City of New York, 530 F. 2d 1123 (3d Cir. 1976), is without merit. The analogy is inapposite and far fetched. An advantage which naturally results by consolidation is no reason for denying consolidation of two cases having a common issue. Indeed, it may be a factor to consider on a motion to consolidate. A benefit which improves the position of one party but which does not take away any of the rights of the other parties is not a prejudice that would defeat consolidation. The prejudice that will defeat a joinder must be a detriment to the substantive rights of the party. A procedural advantage which has the effect of putting petitioner in a position pari passu with that of respondent and which does not impinge

against respondent's substantive rights is not prejudice. See Wood v. W.T. Grant Co., 2 Phila. Interloc. Civil Opin. 203, 206 (C.P. Phila. 1977). Thus, if indeed the declaratory judgment action imposes a pre-judgment attachment on the funds which the parties put claim to, the attachment is not a result of the consolidation but a result from the nature of the action impelled upon the bank because of the compelling rights. To decide that only respondents' case should have the advantage of the fund would be tantamount to deciding in limine that respondents are entitled to the legal fees represented by the escrow fund.

Accordingly, the order of the court is:

### ORDER

And now, February 21, 1980, the petition for consolidation is granted. It is ordered and decreed that the declaratory judgment action of Jefferson Bank v. Raven Associates-Toms River, July term, 1979, no. 5277, is herewith consolidated with the above-captioned case.