## Manger v. Dunning

*Ronald M. Bugaj*, for plaintiff Williams.
*Timothy B. Fisher*, for plaintiff Manger.
*Alida O'Hara*, for defendant Dunning.

THOMSON, *P.J.*, October 14, 1982—John B. Manger is plaintiff in a suit against Charles L. and Mildred Dunning (defendants). Mary Anne Williams is also suing the Dunnings in a separate suit. Manger, joined by the Dunnings, has filed a motion to consolidate these two actions. Williams is in opposition to this motion.

These are two law suits as well as another were spawned by a real estate sale that fell through between the Dunnings (sellers) and the Argenzianos

(buyers). Manger's claim is based on a signed open listing agreement with the Dunnings dated June 29, 1980. Manger alleges that a salesman of his first showed the property to the Argenzianos and quoted them the price of $125,000. The theory Manger will be proceeding under is that he is entitled to a brokerage commission upon the court ordering the sale because his salesman was the procuring cause.

Williams claim is of a similar nature. She also had an open listing agreement, hers dated July 5, 1981. Williams maintains that the agreement she struck with the Dunnings called for a seven percent commission upon her providing a ready, willing and able buyer at the price of $107,500. The Dunnings claim that they had properly rescinded the sales price of $107,500 and that $125,000 was the new sales price.

The standard for consolidation of actions is set forth in Pa.R.C.P. Rule 213(a). It states:

"When actions involving a common question of law or fact are pending before the Court, the Court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay."

The granting of consolidation for trial in this matter is within the discretion of this court: Leftheres v. Robinson, 37 D. & C. 2d 43 (1965). Factors to be taken in consideration in such a motion are the similarity or dissimilarity of the basic facts, the possibility of duplication of issues and the problem of potential inconsistent verdicts: Anchor Motor Freight v. Koser, 10 D. & C. 3d 497 (1979),

Azinger v. Penna. R.R. Co., 262 Pa. 242, 105 A. 87 (1918) and Aquaviva v. Hartman, 203 Pa. Superior Ct. 505, 202 A. 2d 239 (1974).

After consideration of all these factors, we hold that it would be a proper exercise of our discretion to consolidate these two cases. The factual circumstances in these two cases are extremely similar. The same buyer and seller are involved in the same real estate dispute. Neither are the facts too numerous or complex so as to confuse a jury hearing both cases. In addition, the legal issues are similar and could be easily resolved by the same jury. Williams maintains that her legal theory is different since she claims she had already complied with the listing agreement where as Manger's claim is contingent upon the court ordering the sale. This argument, however, totally ignores the fact that her claim is totally contingent on her proving the validity of this listing agreement disputed by the Dunnings. All the claims involved in these two lawsuits are intertwined and would be best resolved in a single trial so as to avoid unnecessary duplication and the possibility of inconsistent verdicts.

Williams also raises another objection to this motion for consolidation. Williams notes that the Dunnings have filed a counterclaim against her for over $10,000 which automatically takes the suit out of compulsory arbitration. The amount in question involved in the Manger case, however, would ordinarily place that suit at the arbitration level. Williams claims that this court may not consolidate such cases until the arbitration is completed citing Koch v. Carrol, 48 Luzerne 180 (1958).

We believe that if there ever existed such a bar to consolidation, it has certainly been lifted by some recent cases. The court in Anchor Motor Freight,

Inc. v. Koser, 10 D. & C. 3d 497 (1979) held that the common pleas court had the power to decide procedural matters that fell within the limits of arbitration and the power to consolidate such case if the policies of Rule 213(a) would be best served by consolidation.

We hold that while these cases are being consolidated they are still separate actions entitled to separate verdicts and separate judgments.

## ORDER

And now, October 14, 1982, defendant Manger's motion to consolidate actions is hereby granted.