DAN M. CREED, INC. *v.* JOHN J. TYNAN, COMMISSIONER OF MOTOR VEHICLES

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued April 14—decided June 16, 1964

*Alexander Winnick,* with whom were *Edward B. Winnick* and, on the brief, *Arnold M. Potash* and *David W. Skolnick,* for the appellant (plaintiff).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, were *Harold M. Mulvey,* attorney general, and *Carl D. Eisenman,* assistant attorney general, for the appellee (defendant).

COMLEY, J. This is an appeal from an order of the commissioner of motor vehicles suspending for two days the license of the plaintiff corporation to deal in and repair motor vehicles because it had sold a new car which had been used by it in connection with its business as a dealer without displaying the word "demonstrator" on the face of the order and also of the invoice as required by General Statutes § 14-62 (8).

Pursuant to General Statutes § 14-64, a hearing was conducted by Samuel Briglia, who was chief of the division of the department of motor vehicles which deals with the licensing of dealers and repairers of motor vehicles. It was Briglia who made the first decision to suspend the plaintiff's license for a period of two days, and he so notified the plaintiff by a letter dated September 26, 1962. Briglia acted pursuant to a letter dated May 16, 1960, which was signed by the commissioner and which designated Briglia to represent him in conducting hearings and rendering decisions. A few days after the

notice of suspension was sent to the plaintiff, Dan M. Creed, the president and principal stockholder of the corporation, was given an appointment with the commissioner for the purpose of discussing the case. Briglia was present at the meeting, and the commissioner told him, in the presence of Creed, that he wanted to examine the record of the proceedings at the hearing. The commissioner directed that the suspension be held in abeyance until a further order by him. In January, 1963, after examining the record, the commissioner decided that Briglia's decision was justified, and he ordered Briglia to notify the plaintiff that a two-day suspension was to commence on February 4, 1963.

When the commissioner designated Briglia to represent him in conducting hearings and rendering decisions, he purported to act under authorization of General Statutes §§ 14-7, 14-64 and 14-110. Section 14-7 provides for the appointment of a deputy commissioner and empowers him to hear and determine questions which may come before the department when he is so directed by the commissioner, but it does not authorize the delegation of that authority to any other assistant. Nor does either of the other statutes referred to by the commissioner. Section 14-64 gives to the commissioner the power to suspend licenses, and § 14-110 confers upon him, his deputy, or an assistant designated by him, the power to administer oaths and take testimony. Section 14-110 does not, however, confer upon that assistant the authority to make decisions.

In determining the issues concerning the revocation or suspension of a dealer's license, the commissioner acts in a quasi-judicial capacity. Quasi-judicial powers cannot be delegated. *Apice* v. *American Woolen Co.*, 74 R.I. 425, 433, 60

A.2d 865; *State Tax Commissioner* v. *Katsis,* 90 Utah 406, 412, 62 P.2d 120; *Krug* v. *Lincoln National Life Ins. Co.,* 245 F.2d 848, 853 (5th Cir.). The commissioner may properly designate employees appointed by him to perform administrative tasks necessary to the discharge of the commissioner's duties. General Statutes § 4-8. The fact, however, that the legislature has authorized the commissioner to employ assistants to perform administrative duties does not by implication authorize him to delegate quasi-judicial functions. *State Tax Commissioner* v. *Katsis,* supra.

It is not essential that the commissioner himself conduct or be present at the hearing during which evidence concerning the issues of revocation or suspension of a license is presented and recorded. The evidence may be taken by a duly designated assistant provided the commissioner makes his independent decision on the record. *Morgan* v. *United States,* 298 U.S. 468, 481, 56 S. Ct. 906, 80 L. Ed. 1288. This is what the commissioner did in this case. He did not participate in reaching the first decision, as evidenced by Briglia's letter of September 26, 1962. Briglia had no power to make that decision, and it was invalid. Thereafter, the commissioner studied independently the entire record of the hearing conducted by Briglia, and the decision reached in the following January was his decision and was valid. Although there was an interval of several months between the hearing and the commissioner's final decision, there is nothing to indicate that the delay was prejudicial to the plaintiff or that it was so unreasonable as to invalidate the order.

There is no error.

In this opinion the other judges concurred.