

# THE ATTORNEY GENERAL

# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

September 9, 1970

Hon. Dorsey B. Hardeman
Executive Director
Texas Water Rights Commission
Sam Houston Office Building
Austin, Texas    78711

Opinion No.   M-687

Re:   Authority of Texas Water
Rights Commission under
Article 7542a, V.C.S.,
to conduct statutory
hearings by and through
a duly authorized hear-
ing examiner.

Dear Senator Hardeman:

You have requested our opinion in answer to the following question:

> "Is the Texas Water Rights Commission
> authorized or empowered under the pro-
> visions of Art. 7542a, V.C.T.S., to con-
> duct statutory hearings, such as on late
> filed claims and petitions and adjudi-
> cation proceedings, by and through a duly
> authorized hearing examiner for its sub-
> sequent consideration?"

Your attention is invited to Section 9, of Art. 7542a which provides for the notice and procedure for taking evidence in all proceedings under the Water Rights Adjudication Act. This section reads, in part, as follows:

> "Sec. 9 Notice of any hearing or other
> proceeding ordered by the Commission
> pursuant to this Act shall be given in
> the manner prescribed in the Rules and
> Regulations of the Commission unless
> otherwise specifically provided for in
> this Act. In any proceeding in any part
> of the state, the Commission shall have
> the power to take evidence, including
> the testimony of witnesses; to administer
> oaths; to issue subpoenas and compel the
> attendance of witnesses;

\* \* \* \*

> "The evidence may be taken by a duly
> appointed reporter before the Commission
> or its authorized representative who also
> shall have the power to administer oaths."
> (Emphasis added)

In the exercise of administrative duties required of the
Texas Water Rights Commission pursuant to Article 7542a, includ-
ing matters of late filing or the public hearings required to
lay out the preliminary and final determinations, persons desig-
nated by the Commission (whether legal, engineering or otherwise
qualified), may hold the public hearings so long as transcripts
of the evidence at the former hearings are available to the Com-
mission when it acts on such reports, and provided such examiners
prepare a report with recommendations before the Commission acts
to make a decision required of it under Article 7542a. Magnolia
Petroleum Co. v. Railroad Commission, 127 S.W.2d 230, (Tex.Civ.App.
1939, error dism., jud. correct); 2 Am.Jur.2d 50, Administrative
Law, Sec. 221; 42 Am.Jur. 387, Public Administrative Law, Sec.
73; Morgan v. United States, 298 U.S. 468, 481 (1935). The Com-
mission can consider the evidence and arguments in the record and
make a decision without actually conducting the hearing. Varian's
Estate v. Commissioner, 396 F.2d 753 (9th Cir. 1968), cert. den.
393 U.S. 962.

The "decision-making" must be done by Texas Water Rights
Commission based on consideration of the available record and
with or without conference or oral discussion with the hearing
examiner. This is made plain by the Magnolia opinion, supra.

> "... The record discloses that three hear-
> ings on Jordan's applications relating to
> this strip of land were had before the
> examiner, on each of which the examiner made
> a memorandum in writing summarizing his fac-
> tual conclusions, and presented same, to-
> gether with the documentary evidence brought
> before him, to the Commission with his recom-
> mendations... Transcripts of the evidence
> at the former hearings were available to the
> Commission when it granted the permit. In
> addition to the documentary evidence and the
> examiner's written memorandums, the examiner
> took the matter up with the Commissioners
> and discussed it orally."

Even where the statutes relating to Texas Water Rights Commission are silent on the subject of use of examiners to conduct hearings and take testimony, this right of your State agency to use examiners is an "implied power" because of the nature and extent of the statutory duties of Texas Water Rights Commission. These are so complex, manifold and voluminous that they could not be expected to be performed personally by the three Commissioners holding the offices which make up the agency. Shreveport Engraving Co., Inc. v. U.S., 143 F.2d 222, (5th Cir. 1944, cert. den. 323 U.S. 749, reh.den. 323 U.S. 815); Krug v. Lincoln National Life, 245 F.2d 848, (5th Cir. 1957); Anderson v. Grand River Dam Authority, 446 P.2d 814 (Okla.Sup. 1968). An excellent article outlining in detail the procedure used throughout past years by the Texas Railroad Commission is found in 18 Southwestern Law Journal 406, "Practice and Procedure in Oil and Gas Hearings in Texas," by Greenhill and McGinnis. Texas Water Rights Commissioners in their consideration of the case are not confined to evidence actually brought out at the examiner's hearing, and can rely upon information disclosed by the Commission's office records. Phillips v. Brazosport Savings & Loan Association, 366 S.W.2d 929 (Tex.Sup., 1963, appeal dism. 375 U.S. 438).

The rule allowing use of examiners is also found in 2 American Jurisprudence, Administrative Law, Section 407, pages 217-18, as follows:

> "Neither does due process of law or the concept of a fair or a full hearing require that the actual taking of testimony be before the same officers as are to determine the matter involved. Whether or not expressly authorized by statute, it is permissible and does not render a hearing inadequate or unlawful, for an administrative agency to employ the panel method of hearing in which one or more of the members of the agency takes the testimony in the matter before the agency, or to employ other persons such as an examiner, investigator, or referee, to obtain the evidence and conduct the hearings, and make a report to the agency upon which the agency makes its decision. Such procedure is a practical necessity".

See also <u>Younger Bros., Inc.</u>, v. <u>U.S.</u>, 238 Fed.Supp. 859 (5th Cir., 1965); 18 A.L.R. 2d page 606, 616, Sec. 7; <u>Dan M. Creed, Inc.</u>, v. <u>Tynan</u>, 151 Conn. 677, 202 A.2d 239 (1964).

## S U M M A R Y

Texas Water Rights Commission may employ the examiner method of procedure under Section 9 of the Water Rights Adjudication Act. This power to use examiners is further implied in all proceedings by the Commission where the statutes are silent as to use of an examiner.

Yours truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger B. Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Linward Shivers
Roland Allen
Bennie Bock
Tom Bullington

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant