[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal brought pursuant to Conn. Gen. Stat. Sec. 4-183, from a decision of the Board of Firearms Permit Examiners (Board) which upheld the revocation of the plaintiff's pistol permit by the "Weapons Unit" of the "Special Services Unit" of the Connecticut State Police.
In his appeal, the plaintiff assigns the following three grounds:
1. The initial revocation order was invalid, therefore the Board of Firearms Permit Examiners was without jurisdiction to hear the matter.
2. The Board's decision was not supported by the evidence.
3. The Board's decision was arbitrary, capricious and an abuse of discretion.
The Court finds that the plaintiff, as the holder of the pistol permit is aggrieved by the decision of the Board.
The parties have stipulated that the Commissioner of Public Safety delegated the authority to revoke the plaintiff's pistol permit to the State Police Weapons Unit and the State Police Officers whose names appear on the revocation notice dated May 8, 1990, (Edward R. Daily and Robert F. Braychak).
The plaintiff argues, however, that the Commissioner of Public Safety could not lawfully delegate that authority, relying primarily on Dan M. Creed, Inc. v. Tynan, 151 Conn. 677,200 (1964). CT Page 2498
Administrative tasks are clearly delegable. "The Commissioner may properly designate employees appointed by him to perform administrative tasks necessary to the discharge of the commissioner's duties." Id. at page 680. The delegation of the authority to revoke a pistol permit is not a quasi-judicial duty as the plaintiff claims. A quasi-judicial duty is one that entails a hearing which affords the basic requirements of due process. Bloomfield v. Mayo, 119 So.2d 417, 421 (1960). Mackey v. Montrym,443 U.S. 1, 12, 15 (1979). The procedure in Creed did in fact involve the conducting of a hearing with due process protection and thus that case did involve a quasi-judicial function. In this case, the Weapons Unit acted in an administrative capacity in revoking the pistol permit preliminarily and without hearing. The statutory authority of the Commissioner (or his delegate) to do so is found in Conn. Gen. Stat. Sec. 29-32, which provides as follows:
 Revocation of permit. Notification. Penalty for failure to surrender permit. Any permit for carrying of any pistol or revolver may be revoked by the authority issuing the same for cause and shall be revoked by the authority issuing the same upon conviction of the holder of such permit of a felony. For the purposes of this section, "conviction" means the entry of a judgment of conviction by any court of competent jurisdiction. Upon the revocation of any permit, the person whose permit is revoked shall be notified in writing and such permit shall be forthwith delivered to the authority issuing the same. Upon the revocation of any local permit, the authority issuing the same shall forthwith notify the commissioner of public safety and, upon the revocation of any permit issued by said commissioner, he shall forthwith notify the authority issuing such local permit, if any, which the records of said commissioner show as having issued a currently valid permit to the holder of the revoked state permit. Any person who fails to surrender such permit within five days of notification in writing of revocation thereof shall be guilty of a class C misdemeanor.
Our statutes provide that a person who is aggrieved by a decision revoking a permit may appeal to the board and receive a "de novo" hearing. Conn. Gen. Stat. Sec.29-32b(b). This procedure, which was followed in this case, satisfies the requirements of procedural due process. Rabbit v. Leonard, 36 Conn. Sup. 108 (1979), and has been in effect CT Page 2499 since 1967.
In summary, the delegation of the power to revoke a pistol permit was not unlawful, and the Board had jurisdiction to consider the matter. The plaintiff's due process rights were protected by affording him a "de novo" hearing.
At the hearing, the Board found that on April 24, 1990 the plaintiff saw a car in his driveway. It spun its wheels throwing gravel on his vehicles parked in the driveway. He called the police, armed himself with a loaded 22 caliber revolver, and an unloaded shotgun. He drove to a neighbor's home where he suspected the people in the offending vehicle were. He entered the house, confronted two young men there and, by his admission, removed and displayed the revolver which he had in his pants, saying that "he had something else." He was asked to leave the house at that point and he did so.
The Board concluded that despite the plaintiff's long record of stable behavior, his decision to resort to firearms in a situation not involving imminent threat of great bodily harm indicates such poor judgment that he could not be considered a suitable person for a pistol permit. Conn. Gen. Stat. Sec. 29-28 provides that pistol permits may be granted to persons who intend to make lawful use of the weapon and who are suitable.
A permit maybe revoked for "cause" Conn. Gen. Stat. Sec.29-32.
In this case the record supports the findings of the Board. The plaintiff, with only a suspicion that someone at a house down the road had thrown up gravel in his driveway, confronted those people in their home, wielded a loaded revolver and said, "I have something else." That action did, as the plaintiff conceded, constitute poor judgment and was intended to intimidate.
The decision, under the facts found in the record, cannot be characterized as arbitrary or capricious and this case is easily distinguished from Storace v. Mariano,35 Conn. Sup. 28 (1978) cited by the plaintiff. In that case revocation was based on a personal prejudice, and, as such, the finding of arbitrariness was readily made.
In reviewing the decision of an administrative agency, the Court is limited to determining whether the decision could reasonably and logically follow from the facts in the CT Page 2500 record. New Haven v. FOIC, 205 Conn. 767, 774 (1988). The Court cannot retry the case. Williams v. Liquor Control Commission, 175 Conn. 409, 414, (1978), nor is the question whether the Court would have made the same decision. Conley v. Board of Education, 143 Conn. 488, 492 (1956).
The decision in this case was one which could have reasonably been made after a fair hearing which afforded due process to the plaintiff.
Accordingly, the appeal is dismissed.
BY THE COURT, HON. LAWRENCE C. KLACZAK SUPERIOR COURT JUDGE