[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff appeals the revocation of his permit to carry a pistol or revolver.
The Plaintiff, pursuant to General Statutes § 29-28, held a valid permit issued by the Commissioner of Public Safety (Commissioner). The permit authorized Plaintiff to carry pistols or revolvers within the State of Connecticut.
Plaintiff on or about January 4, 1996 was notified that his permit was revoked. Pursuant to § 29-32b(b) Plaintiff appealed to the Board of Firearms Permit Examiners (Board) from the revocation of his pistol/revolver permit. CT Page 10017
The Board hears appeals de novo. "On such appeal the board shall inquire into and determine the facts, de novo, and unless it finds that such a . . . revocation . . . would be for just and proper cause, it shall order such permit . . . restored. . . ." § 29-32b(b). Accordingly, a hearing was held before the Board on March 20, 1997. The Board having heard the case made the following findings of fact.
 1. On December 16, 1995, the appellant shot himself in the buttocks while dry firing a revolver. The incident resulted from his gross violation of gun safety rules i.e. assuming the gun was unloaded and not checking it.
 2. In March 1995, the appellant accidentally shot himself in the left arm while putting a loaded, .45 caliber semi-automatic into a shoulder holster.
The Board concluded from such facts that just and proper cause for the revocation of the permit existed in that the Plaintiff was not a suitable person to hold a permit.
The Plaintiff's appeal presents a single issue of whether the underlying revocation was valid, where the Commissioner had delegated the responsibility under § 29-32
to revoke permits.
Section 29-32 provides in pertinent part: "Any permit for the carrying of any pistol or revolver may be revoked by the authority issuing the same for cause. . . ."
Plaintiff argues that revocation for cause of such a permit is a quasi-judicial function which cannot be delegated.[1] Plaintiff relies on the authority of Dan M.Creed, Inc. v. Tynan, 151 Conn. 677 (1964).
In Creed, the Supreme Court upheld the motor vehicle commissioner's suspension of a dealer's and repairer's license; where a hearing officer held the hearing and the commissioner decided the case from the record. The Court noted that in determining the issues of license revocation or suspension the commissioner was acting in a quasi-judicial capacity; which powers "cannot be delegated." 151 CT Page 10018 Conn. at 679. It was, however, recognized in Creed that the commissioner could designate the hearing function. "The commissioner may properly designate employees appointed by him to perform administrative tasks necessary to the discharge of the commissioner's duties." 151 Conn. at 680.
The Commissioner has designated the granting and revocation of gun permits.[2] The dispositive issue in this appeal is whether the permit revocation function is quasi-judicial or administrative.
The process of permit revocation is dissimilar to the license suspension or revocation procedure review in Creed,supra. The motor vehicle commissioner was deciding an issue after a full hearing preceding the license suspension. Gun permits are subject to revocation without a pre-revocation hearing.[3] The Commissioner's designee makes an ex parte determination of whether just cause exists for the action in denying, revoking or limiting a permit (§ 29-28). An aggrieved party has a timely opportunity (§ 29-32b(c) and (d)) for a hearing. The Board makes a de novo independent determination of whether there is just cause for a revocation denial or limitation of a gun permit.
In this context the Commissioner's designee is performing an administrative rather than quasi-judicial function. This would be in accordance with the holding inBeaverdale Memorial Park v. Danaher, 127 Conn. 174, 182
(1940): "The term `administrative board' is very broad and includes bodies exercising valid functions, some of which involve orders made or other acts done ex parte or without full hearing as to the operative facts, while others are done only after such a notice of hearing, and the functions of the former kind are plainly `administrative' and those of the latter are `quasi-judicial.'"
The Commissioner is empowered to act on permits on a statewide basis, in addition to his other substantial responsibilities, see § 29-2. He is statutorily empowered with the authority to designate administrative tasks § 4-8. "It is . . . a rule of statutory construction that those who promulgate statutes or rules do not intend to promulgate statutes or rules that lead to absurd consequences or bizarre results." (Internal quotation marks omitted.) State v.DiFrancisco, 235 Conn. 426, 437 (1995); Great County Bank v.CT Page 10019Pastore, 241 Conn. 423, 432 (1997).
Requiring the Commissioner to act personally on all gun permit applications revocations and limitations would be absurd; when the Board affords aggrieved parties a timely and complete hearing.
The appeal is dismissed.
McWEENY, J.